### O'BRIEN v. LUCKENBACH S. S. CO., Inc., et al.

(District Court, E. D. New York. July 10, 1922.)

1. Admiralty ⬦21—Suit for death governed by law of state.

   The right of action for death of one other than a member of the crew in maritime jurisdiction within the boundaries of a state depends on the law of the state.

2. Courts ⬦371 (4)—Contributory negligence, where defense to action for wrongful death under state statute, is defense in admiralty court.

   Where the right to recover for death in a court of admiralty is derived from a state statute, all limitations on that right imposed by the state law must be given effect by the federal court, and where under the state law contributory negligence is a bar to recovery, it is a bar in that court.

In Admiralty. Suit by Mary T. O'Brien, as administratrix, against the Luckenbach Steamship Company, Inc., and the Union Transport Company. Decree for respondents.

William A. Moore, of New York City (George A. Green, of Brooklyn, N. Y.), for libelant.

Carter, Carter & Phillips and Peter S. Carter, all of New York City, for Luckenbach S. S. Co.

J. Arthur Hilton, of New York City, for Union Transport Co.

CHATFIELD, District Judge (after submission of briefs). The vessel cannot be held liable for any of the conditions shown by the testimony. The stevedores took over the vessel and its appliances, and

were responsible both for what appliances were made use of in the course of their operations and also the way in which these appliances were used. No defect in any of the appliances themselves has been shown. The foreman stevedore was evidently negligent, both in choice of the place where the men were put to work and the way in which the work was conducted, and it was contributory negligence for the decedent to have stepped upon a hatch cover without making sure that the hatch cover was supported, or without watching what he was doing.

The action is brought into this court because of the evident maritime jurisdiction under the law as it existed prior to June 10, 1922 (chapter 216, Laws of 1922 [42 Stat. 634]). Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Chelentis v. Luckenbach, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 Sup. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. State Industrial Commission of State of New York v. Nordenholt Corporation (May 29, 1922) 259 U. S. 263, 42 Sup. Ct. 473, 66 L. Ed. ——.

[1] The right of action for death to one other than a member of the crew, in maritime jurisdiction within the boundaries of a state, did, before this statute of June 10, 1922, and still does, depend upon the law of the state. Western Fuel Co. v. Garcia (Dec. 5, 1921) 257 U. S. 233, 42 Sup. Ct. 89, 66 L. Ed. 210; The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727. The provisions of chapter 111, Laws of 1920, 41 Stat. at Large, 537, do not affect the situation. Western Fuel Co. v. Garcia, supra. The general provisions of the maritime law and the limitation by the state law are set forth in The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358.

In The A. W. Thompson (D. C.) 39 Fed. 115, and The City of Norwalk (McCullough v. New York & N. Steamboat Co.; D. C.) 55 Fed. 98, Judge Brown has discussed at length the right to recover for death and the application of state laws in applying the remedy in a United States court. His conclusion has been followed in Hurley v. Detroit & C. Steam Nav. Co., 73 Fed. 883, 20 C. C. A. 86, and Quinette v. Bisso, 136 Fed. 825, 69 C. C. A. 503, 5 L. R. A. (N. S.) 303.

[2] The decision in these cases is to the effect that, as the right to recovery is derived from a state statute, all limitations to that right which are valid under the state law must be respected in the federal court. This doctrine is approved in Western Fuel Co. v. Garcia, supra, and is therefore open to no question, except the extent of its application to the particular case. In the New York state courts contributory negligence is a bar to recovery, following the provision of law that recovery for death can be had only where the decedent could have maintained an action for injury, and contributory negligence is a bar to action for injury.

In the federal court contributory negligence is a defense, and freedom therefrom need not be alleged in the complaint; but, if proven, it is a complete defense in an action at law. In admiralty, which has drawn its rules from the civil law and equity (The Kalfarli [C. C. A.] 277 Fed. 391), while in form an action at law, contributory negligence may be apportioned.

The question presented is whether the rule of such division of damage is a part of the cause of action or merely a rule of procedure on the trial. The decisions in the cases cited (including by analogy the Garcia Case) hold that it is a part of the cause of action. Even if a part only of the remedy, it is involved in the creation of the cause of action for which a remedy is provided, and hence, in the face of a plain showing of contributory negligence, the libelant cannot recover.

The difficulty of proving, and the apparent failure of proof in showing, the exact cause of the accident, together with the possibility that the decedent and the cover were merely dragged off by the draft, a risk which the decedent assumed, unless he observed reasonable care to keep out of the way, furnishes additional grounds why the libel must be dismissed.

Decree accordingly.