## BLOOM v. FURNESS–WITHY & CO., Limited, et al.

(District Court, S. D. California, S. D.   September 25, 1923.)

No. 1268–J.

1. **Admiralty �köⲙⲁ20—Constitutional law ⊚ⲙⲁ56—Statute making remedy for death given by state workmen's compensation laws exclusive held ineffective to deprive court of admiralty of jurisdiction.**

The amendment of Judicial Code, § 24(3), by Act June 10, 1922, by providing that a remedy for maritime injury or death, when given by a state workmen's compensation law shall be exclusively in the state court, is invalid and ineffective in so far as it attempts to deprive a court of admiralty of jurisdiction which it previously possessed.

2. **Admiralty ⊚ⲙⲁ21—Damages for wrongful death not recoverable under general maritime law.**

Damages for the death of a person caused by a maritime tort are not allowed under the general maritime law.

3. **Admiralty ⊚ⲙⲁ1—May enforce statutory remedy only subject to limitations of statute.**

A court of admiralty in enforcing a right given by a statute must take the right subject to the limitations which have been made a part of its existence.

4. **Admiralty ⊚ⲙⲁ21—Has concurrent jurisdiction of statutory suit for wrongful death when caused by maritime tort.**

Whenever a state statute gives a right of action for wrongful death enforceable by an action at law, such right, if the death was caused by a maritime tort, may, at the election of plaintiff, be enforced by a suit in admiralty under Judicial Code, § 24(3), as amended by Act June 10, 1922, § 1.

5. **Admiralty ⊚ⲙⲁ1—May enforce statutory right only when cognizable by court.**

In order that a court of admiralty may give effect in a maritime cause to a remedy which must first be authorized by a statute, the remedy must be of such character as would permit its enforcement in a court of justice.

6. **Admiralty ⊚ⲙⲁ21—Without jurisdiction of suit for wrongful death of employee under California statute.**

The right of action at law for wrongful death, given by Code Civ. Proc. Cal. § 377, is rendered inapplicable to enforce liability of an employer for death of an employee by California Workmen's Compensation Act, which makes the remedy thereunder exclusive, and hence suit under the former statute against an employer for the death of an employee in maritime service cannot be maintained in a court of admiralty.

At Law.   Action by Hanna Bloom, as administratrix of the estate of Albert Bloom, deceased, against the Furness-Withy & Co., Limited, also operating under the name of Prince Line, Limited, and another, removed from state court.   On demurrer to special defense set up in answer.   Overruled.

Monahan & Beum, of San Pedro, Cal., for plaintiff.

McCutchen, Olney, Willard, Mannon & Greene, of San Francisco, Cal., and E. R. Young, of Los Angeles, Cal., for defendants.

JAMES, District Judge.   This suit was brought as an action at law in the superior court of California, for the purpose of recovering damages alleged to have been suffered by the plaintiff because of the neg-

---

ligent acts of the defendant. It was alleged in the complaint that Albert Bloom suffered injuries while at work on the deck of a vessel belonging to the defendant, from which injuries he died, leaving surviving him the plaintiff, who alleged herself to have been dependent on her husband for support. While, formally, plaintiff sued as representative of the estate of Albert Bloom, she did not allege that there were any other heirs.

The cause of action is apparently authorized by the provisions of section 377 of the Code of Civil Procedure of California, which declares that—

"When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. * * *"

[1] The defendant appeared in the state court, and showed that it was a foreign corporation and obtained an order removing the cause to this court. It has filed an answer to the complaint of the plaintiff, and has set forth a special and affirmative defense as to which the plaintiff has demurred on the ground that the matter so alleged does not constitute any defense in law. The affirmative defense so alleged is as follows:

"That it (defendant) is informed and believes. and therefore alleges, that this court is without jurisdiction of the alleged cause of action set forth in said complaint, by reason of the provisions of section 6 of the Workmen's Compensation Insurance and Safety Act of 1917, of the laws of the state of California. and the amendments thereto, and clause 3, section 24, and clause 3. section 256, of the Judicial Code of the United States, approved June 10, 1922."

Section 24 of the Judicial Code defines the jurisdiction of the District Courts of the United States. Subdivision 3 thereof provides that—

Such courts shall have jurisdiction "of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants for compensation for injuries to or death of persons other than the master or members of the crew of a vessel their rights and remedies under the workmen's compensation law of any state, district, territory, or possession of the United States, *which rights and remedies when conferred by such law shall be exclusive. * * *"  Amendment June 10, 1922, 42 Stat. L. 634.

In so far as by the amendment referred to Congress has attempted to deprive the District Court of admiralty jurisdiction which it formerly possessed, that effort is without validity. In the recent case of Sheehy v. Canadian Farmer, 290 Fed. 601, decided here on June 2, 1923, that subject was carefully considered. There may be quoted from the opinion filed in that case the following, as expressing the view of this court on that question:

"Under the judicial power conferred upon the federal courts by the Constitution it has never been admitted that Congress may divide that jurisdiction, leaving open a portion of the field to be occupied by the states. The Lottawanna, 88 U. S. (21 Wall.) 576; Southern Pacific Co. v. Jensen, 244 U. S. 217; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149. Concededly Congress has full general power to change the form of remedies, determine procedure, and define and declare the maritime law as it shall be administered in the United States. If it chooses to so define and classify claims as to

make some nonmaritime, no doubt its action would be effectual. This is very different from leaving a class of claims within the maritime field, and providing that sometimes the district courts may take jurisdiction and sometimes not, dependent upon whether the states in which the districts are located have provided other remedies."

The conclusion thus announced is an answer to the contention that in every case where the federal courts have in admiralty possessed clear jurisdiction to administer a remedy, state Legislatures, by compensation acts, and under the sanction of the act of Congress amending section 24 of the Judicial Code, might take away that jurisdiction. Under the facts as pleaded in the complaint here presented, however, a further question arises as affecting matters which may be urged in defense.

[2] This action is brought to recover damages for the death of the husband of the plaintiff, caused by the wrong of the defendant, which wrong was a maritime tort. Damages for the death of a person so caused are not allowed under the general maritime law. Where a remedy has been afforded, it has rested solely upon express statutes. For instance, the Merchant Marine Act of 1920 provides for the recovery of damages for the death of any seaman by the personal representative of the deceased. By act of March 30, 1920 (41 Stat. L. 537), an action is authorized to be brought to recover damages because of the death of a person caused by wrongful act and occurring on the high seas. The facts of this case, as they are alleged in the complaint, bring it under neither of these statutes; hence it is left to be determined whether, under the statute of the state of California, this action may be maintained as a suit at law, or whether, because the death alleged was due to a maritime tort, admiralty will enforce the state remedy as being within its proper field. Prior to the decision in The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, it had been affirmed by some of the federal judges that, regardless of the existence of any statute, a cause of action for damages for the death of a person asserted in the interest of his heirs or dependents and growing out of a maritime tort would be enforced. In some of the cases it was even intimated that a cause of action for injuries suffered to the deceased in his lifetime, as distinct from resulting damages to his heirs or dependents, might survive the death of the person injured. The decision in The Harrisburg, however, definitely settled the law. The court, after reviewing many of the decisions and noting the conflict between them, pointed out that where actions of the kind referred to had been maintained in admiralty, the argument was used that it was "not that the maritime law, as administered in common-law courts, is different from the common law in this particular, but that the common law is not founded on good reason, and is contrary to 'natural equity and the general principles of law.' "

[3] And the court proceeded to say:

"Since, however, it is now established that in the courts of the United States no action at law can be maintained for such a wrong in the absence of a statute giving the right, and it has not been shown that the maritime law, as accepted and received by maritime nations generally, has established a different rule for the government of the courts of admiralty from

those which govern courts of law in matters of this kind, we are forced to the conclusion that no such action will lie in the courts of the United States under the general maritime law. * * *

"If the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, *it must take the right subject to the limitations which have been made a part of its existence.*"

[4] With the admiralty courts alone rests the jurisdiction to enforce a maritime claim in rem; the jurisdiction in personam may be concurrent with the state courts.

"As provided in the eleventh section of the Judiciary Act, * * * it is evident that Congress intended * * * to allow the party to seek redress in the admiralty if he saw fit to do so, but not to make it compulsory in any case where the common law is competent to give him a remedy. Properly construed a party under that provision may proceed in rem in the admiralty, if a maritime lien arises, or he may bring a suit in personam in the same jurisdiction, or he may elect not to go into admiralty at all, and may resort to his common-law remedy in the state courts, or in the circuit courts of the United States if he can make proper parties to give * * * jurisdiction." Steamboat Co. v. Chace, 83 U. S. (16 Wall.) 522, 21 L. Ed. 369.

And see The Corsair, 145 U. S. 347, 12 Sup. Ct. 949, 36 L. Ed. 727; The Hamilton, 207 U. S. 404, 28 Sup. Ct. 133, 52 L. Ed. 264; Monongahela River Coal & Coke Co. v. Schinnerer, 196 Fed. 375, 117 C. C. A. 193.

In State of Maryland v. Miller (D. C.) 180 Fed. 796, Judge Rose said:

"Wherever Lord Campbell's Act has been adopted in any form in any of our states, the right of action given has been a right of action at common law. * * * That in a proper case, where some form of Lord Campbell's Act is law, recovery may be had in admiralty for injuries resulting in death, is now settled law."

See, also, Trauffler v. Detroit & C. N. Co. (D. C.) 181 Fed. 256; Humboldt Lumber Manufacturers' Ass'n v. Christopherson et al. (C. C. A. 9th) 73 Fed. 239, 19 C. C. A. 481, 46 L. R. A. 264.

We come next to the question as to whether the statute of California gives an unqualified right to a remedy for damages which may be enforced in a court of justice. If it gives no such right, even though the tort complained of lies in the maritime field, admiralty can afford no relief; neither can an action at law be sustained. And here we find that the purported right given by section 377 of the California Code of Civil Procedure is deprived of any applicability to the cause of action attempted to be stated, by reason of the provisions of the Workmen's Compensation Act of the State of California (Cal. Statutes 1917, p. 834). That act, which provides for compensation to be paid by an employer to the dependents of his employee whose death has occurred by reason of injuries growing out of his employment, confers authority to adjust such awards solely on a board of a quasi administrative character. That act provides that compensation provided to be paid by its terms shall be "in lieu of any other liability whatsoever," and that a proceeding to obtain such award shall be "the exclusive remedy against the employer." Certain exceptions are made covering cases where the injury is caused by the personal act of the employer, etc., in which cases the employee may, at his option, maintain an action

for damages. The courts of California have construed the provisions of that act and have held that under its terms no right of action against the employer (as provided in California Code of Civil Procedure, § 376) is given a mother for the death of a son caused as the result of injuries received during his employment, but that relief must be sought solely before the compensation board. McLain v. Llewellyn Iron Works, 56 Cal. App. 58, 204 Pac. 869. In other words, that the mother was not a person entitled to claim the right given by the general statute of the state which provided for damages for death occasioned by the wrongful act of another.

[5] In order that the court of admiralty may give effect in a maritime cause to the remedy which must first be authorized by a statute, it would seem that the remedy should be of such character as would permit it to be enforced in a court of justice. As was said in The Harrisburg, supra:

"If the admiralty adopts the statute as a rule of right, * * * it must take the right subject to the limitations which have been made a part of its existence."

[6] Under the law of California the plaintiff here, under the facts alleged, could not go into a court of law and assert a claim for damages under the provisions of section 377 of the California Code of Civil Procedure. That section does not apply to her case at all. Any claim that she has must be dealt with by a board of commissioners, and she must receive allowances of money in the manner and at the times and for the period which the law and the commissioners acting under it may determine that she is entitled to. Such rights as are given under the California Employers' Liability Act cannot suitably be enforced in the District Court of the United States under admiralty proceedings. From this it must necessarily be concluded that the plaintiff's demurrer to the separate and affirmative defense should be overruled, and an order will be entered accordingly.