---

### DOBRIN v. MALLORY S. S. CO. et al.

(District Court, E. D. New York. April 2, 1924.)

1. **Admiralty ⬅21—Maritime law gives no remedy for wrongful death.**

   There is no remedy in admiralty, independent of statutory law, for the death of a person resulting from a maritime tort.

2. **Courts ⬅371(1)—Statutory action subject to limitations imposed by statute.**

   Where the right to recover is derived from a state statute, all limitations imposed by the statute must be given effect.

3. **Death ⬅32—Under Washington statute, damages for death cannot be recovered for benefit of relatives residing in foreign country.**

   Under Rem. Comp. Stat. Wash. §§ 183, 183—1, damages for wrongful death cannot be recovered, where the only surviving relatives of deceased are his parents, who are not residents of the United States.

4. **Treaties ⬅8—"Most favored nation" clause cannot be extended beyond its terms.**

   The provision of the convention between Great Britain and the United States (article 5) that "in all that concerns the right of disposing of every kind of property, real or personal, citizens or subjects of each of the high contracting parties shall in the dominions of the other enjoy the rights which are or may be accorded to the citizens or subjects of the most favored nation," is by its terms limited to the subject of disposition of property, and the fact that by a subsequent, supplemental treaty between Italy and the United States the right to recover for wrongful death, under the laws of either country, was extended to nationals of the other, does not import such provision into the British treaty.

5. **Death ⬅8—Law giving right of action for death not applicable in case of death of citizen of another state, which occurred in that state.**

   The law of New York (Decedent Estate Law, § 130), giving a right of action for wrongful death, held not applicable to the case of the death of a citizen of the state of Washington, who was killed while in the employ of an independent contracting stevedore, and while engaged in discharging a ship in a port of Washington, merely because the ship was of New York registry.

At Law. Action by Edward G. Dobrin, administrator of the Estate of Thomas Waldron, deceased, against the Mallory Steamship Company and the Luckenbach Steamship Company, Inc. On motion by defendants to dismiss summons and complaint. Granted.

Frederick R. Graves, of New York City (Simon N. Gazan, of New York City, of counsel), for plaintiff.

Raymond E. Stefferson, of New York City, for defendants.

CAMPBELL, District Judge. This is a motion made by the defendant Luckenbach Steamship Company, Inc., to dismiss the plaintiff's

summons and complaint on the alleged grounds that the said complaint does not state facts sufficient to constitute a cause of action and for want of jurisdiction. The motion comes before this court on an order to show cause.

Two causes of action are alleged in the complaint, and recovery is sought under the statutes of the state of Washington and the state of New York. The complaint alleges that the death of plaintiff's intestate was caused by the negligence of the defendants, their agents or servants.

Thomas Waldron, plaintiff's intestate, was killed November 30, 1921, while working as a longshoreman in the employ of the North Shore Stevedoring Company on board the steamship Agwidale, which at the time was discharging cargo at a pier in the port of Seattle, state of Washington. At the time of his death the said Thomas Waldron left him surviving no wife, child, or children, but did leave a father and mother, alleged to be dependent upon said Thomas Waldron for support, and both of whom, at the time of the decedent's death and at the time of the appointment of plaintiff as administrator, resided in Ireland and did not reside in the United States.

The first cause of action is based on the statute of the state of Washington. So much of the statute of the state of Washington as is necessary for consideration in the case at bar reads as follows:

Remington's Revised Statutes 1922, § 183: "When the death of a person is caused by the wrongful act, neglect or default of another, his personal representative may maintain an action for damages against the person causing the death; and although the death shall have been caused under such circumstances as amount, in law, to a felony."

Section 183—1: "Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death. In every such action the jury may give such damages as, under all the circumstances of the case, may to them seem just."

[1, 2] There is no remedy in admiralty, independent of statutory law, for the death of a laborer resulting from a maritime tort. Bloom v. Furness-Withy & Co. (D. C.) 293 Fed. 98. The right to recover being derived from a state statute, all limitations imposed by the statute upon such right must be respected. O'Brien v. Luckenbach S. S. Co., Inc. (D. C.) 286 Fed. 301, affirmed (C. C. A.) 293 Fed. 179.

[3] Under the statute of the State of Washington the right of the personal representatives to recover for the benefit of the parents of the deceased is dependent upon their residence in the United States at the time of the decedent's death, and as it affirmatively appears that they were not residents of the United States at the time of the decedent's death, but were residents of Ireland, the plaintiff has no right under the statute of the state of Washington to maintain the instant action.

[4] Plaintiff claims that recovery may be had for the benefit of the parents of the decedent, who were residents of Great Britain, because there was in effect at the time of decedent's death a treaty between this country and Great Britain which contained the "most favored nation"

clause, and a treaty having been subsequently made between this country and Italy, under which Italians could recover, the same right is given to subjects of Great Britain

I am unable to agree with the plaintiff's contention. The "most favored nation clause, article 5 of the Convention (31 Stat. 1940), relied on by the plaintiff herein, reads as follows:

"In all that concerns the right of disposing of every kind of property, real or personal, citizens or subjects of each of the high contracting parties shall in the dominions of the other enjoy the rights which are or may be accorded to the citizens or subjects of the most favored nation."

In Maiorano v. B. & O. R. R. Co., 206 Pa. 402, 65 Atl. 1077, 21 L. R. A. (N. S.) 271, 116 Am. St. Rep. 778, the court says in construing a treaty:

"The general rule obtains that the court is to be guided by the intention of the parties, and if the words clearly express the meaning and intention no other means of interpretation can be employed."

It is therefore clear that the "most favored nation" clause in that treaty is limited to all that confers the right of disposing of every kind of property real and personal and does not refer to any right to recover for the death of a relative.

In 1908 there was a statute in the state of Pennsylvania similar to the said statute in the state of Washington, and an Italian was killed through negligence, leaving dependent relatives resident in Italy. The court held that under the treaty then existing they could not recover.

Subsequent thereto a supplemental treaty was negotiated between this country and Italy in 1913 (38 Stat. 1669), which contained the following provision:

"The citizens" or subjects "of each of the high contracting parties shall receive in the states and territories of the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any state or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationalty of said relatives or heirs, and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals provided that they submit themselves to the conditions imposed on the latter."

This supplemental treaty with Italy did not, under the "most favored nation" clause of the treaty of Great Britain with this country, extend to British subjects the rights conferred by said supplemental treaty on Italian subjects, because, as we have hereinbefore shown, this clause in the treaty was limited by its very words to the right of disposing of every kind of property, real and personal, and did not include any right that might be given by statute to recover in case of the death of a relative, and therefore the statute of the state of Washington is not limited or modified by the treaty existing between this country and Great Britain, and the first cause of action should be dismissed.

[5] The second cause of action is based on the statute of the state of New York (Decedent Estate Law [Consol. Laws, c. 13] § 130). The steamship Agwidale was registered at the port of New York, which was her home port, but the decedent was not an officer or sailor on said ship,

but was a resident of the state of Washington, working for the North Shore Stevedoring Company as a longshoreman, discharging cargo from said ship while she was lying at a pier in the port of Seattle in said state of Washington. The state of New York had no power to make its statute applicable to this case.

While the state of New York had no extraterritorial jurisdiction, the bare fact of the parties being outside the territory in a place belonging to no other sovereign would not limit the authority of the state. The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264. But in this case the ship was in territory over which the state of Washington was sovereign, and the state of New York had no jurisdiction.

Plaintiff cites Thompson Towing & Wrecking Ass'n v. McGregor, 207 Fed. 209, 124 C. C. A. 479, and Patton-Tully Transp. Co. v. Turner (C. C. A.) 269 Fed. 334; but I do not think they are authority for his position, because, even if they be accepted as correctly stating the law, they are clearly distinguishable from the instant case, in that they deal with injuries to members of the crews of the respective vessels, who may be said to take their status from the laws of the state of her home port, as they would their nationality, if the ship was of foreign registry; but no such claim can be made as to a stevedore working on the ship in the port of the state in which he lives, nor would any sovereign state of this Union concede such right with reference to its citizens to another state.

The basis of the decisions in the cases cited seems to be that the question of injuries which the seaman in those cases suffered had to do with the internal discipline and management of the ship, and did not directly involve the peace, dignity, or tranquility of the state or country in which the event occurred. But that is not the situation in the instant case, as the decedent was not subject to the internal discipline of the ship, but was an employee of an independent contractor, and bound only by the laws of the state of Washington, in which he was working and of which he was a resident, and entitled only to the rights and benefits of said laws, and not the laws of the state of New York.

Decedent's relatives have no right to recover under the general maritime law because of his death; but, if they have any right, it must be by statute, and the only statute that applies is that of the state of Washington, and not that of the state of New York. As we have heretofore shown, the relatives of the decedent cannot recover in the state of Washington, because they were nonresidents at the time of his death. Therefore the second cause of action should be dismissed.

The complaint does not state facts sufficient to constitute a cause of action, and this court is without jurisdiction to do more than dismiss the summons and complaint herein. The motion of the defendant is granted, with costs and disbursements.

Settle order on notice.