[No. 19647. Department Two. April 2, 1926.]

ANNA ROSWALL, as Administratrix of the Estate of Oscar Roswall, Deceased, Respondent, v. GRAYS HARBOR STEVEDORE COMPANY, Appellant.[1]

[1] COURTS (39)—LAW OF THE CASE—PREVIOUS DECISIONS IN SAME CASE. Where the complaint in an action for the wrongful death of a seaman alleged that the injury took place on board ship, a decision overruling a demurrer does not become the law of the case and controlling as to the defendant's liability under maritime law, where the evidence showed that deceased fell from the ship to the dock and that the injury actually took place on land, as that question was not involved in the former appeal.

[2] APPEAL (370, 385)—REVIEW—THEORY OF CASE IN LOWER COURT— ESTOPPEL TO ALLEGE ERROR—ERROR INVITED. Where, in an action for wrongful death, defendant alleged that the injury and death occurred while deceased was engaged in a maritime service, and requested instructions to the same effect, it cannot assert on appeal that the injury occurred on land and that admiralty had no jurisdiction.

[3] SAME (370, 385). Where, in an action for wrongful death, the appellant tried the case throughout on the theory that the injury and death occurred in a maritime service and that the workmen's compensation act did not apply, it cannot on appeal seek a reversal on the opposite theory, notwithstanding it had requested

[1]Reported in 244 Pac. 723.

inconsistent instructions; as that left it to the court to accept one theory and adopt the other.

[4] MASTER AND SERVANT (67, 160)—INCOMPETENCY OF FELLOW-SERVANT —QUESTION FOR JURY. The incompetency of a fellow-servant is a question for the jury, where there was evidence that he was one of the "roughest and most careless" winch drivers on W. Harbor and landed loads in an improper manner.

[5] SAME (66)—FELLOW-SERVANTS—MASTER'S KNOWLEDGE OF INCOM-PETENCY. The master's actual knowledge of the incompetence of an employee need not be shown, but may be presumed, where his incompetence as a winch driver was well known for many years in the vicinity, where he had repeatedly been guilty of careless-ness and incompetence.

[6] SAME (162)—NEGLIGENCE (21)—CONTRIBUTORY NEGLIGENCE— EFFECT. In an action for wrongful death under the state statute, contributory negligence of the deceased is an absolute defense, and it is error to instruct the jury that it should be considered by the jury only to diminish the amount of the recovery.

[7] NEGLIGENCE (21)—CONTRIBUTORY NEGLIGENCE—EFFECT—ADMIRALTY RULE IN STATE COURT. In an action for wrongful death brought under the state statute, but tried under maritime law, the ad-miralty rule that the contributory negligence of the deceased is to be considered only in reduction of damages cannot be applied, in the face of the rule, under the state statute, that contributory negligence is an absolute defense.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered June 11, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Re-versed.

*Theodore B. Bruener,* for appellant.

*W. H. Abel* and *A. M. Abel,* for respondent.

MACKINTOSH, J.—Upon the sustaining of a demurrer to the complaint in this action, an appeal was taken to this court. The opinion appears in 132 Wash. 274, 231 Pac. 934, and it was there held that the deceased was engaged in a maritime service, that the liability of the parties for his wrongful death was to be measured

by the maritime law, and that the state workmen's compensation act did not apply. Thereafter the cause was tried, resulting in a verdict and judgment in favor of the respondent, from which this appeal was taken.

Briefly summarized, the facts, as they developed at the trial, show that deceased was loading a vessel with lumber in Willapa Harbor; that, at the time of the accident, the strongbacks were being placed over the hatches in order to support the hatch covers; that the strongbacks were being moved by winches, the winch at hatch No. 2 being operated by one Gus Nelson; that the deceased was, at the time of the accident, assisting in putting the strongbacks in place; that the strongbacks belonging at hatch No. 2 had been placed alongside hatch No. 1 on the inshore side, and several strongbacks had been successfully moved and placed over hatch No. 2, when one of them which was about to be moved from hatch No. 1 was attached at one end to one end of the bridle, under direction of appellant's officer in charge of the operation, and an order was given to the winchman to proceed; that the strongback moved along the deck to opposite hatch No. 2 and was then hoisted a few feet, where it swung free; that while the deceased was standing on the inshore side of hatch No. 2, watching the strongback come into place and waiting its arrival at a place where he could assist in placing it over the hatch, the strongback swung toward the deceased, and that in order to avoid it he either stumbled and lost his balance and rolled off the deck onto the dock, where he received injuries from which he later died, or that the strongback pushed the deceased off the deck.

[1] The first claim made by the appellant is that, although the alleged negligence occurred on navigable water, the injuries were actually received on land and

the death occurred there, and that therefore admiralty has no jurisdiction; and the cause of action having arisen on land, the matter is covered by the workmen's compensation act. Authorities are cited in confirmation of this position, which it is unnecessary to further refer to for the reason that this defense, in our opinion, is not available to the appellant under the record as it now stands. The respondent argues that the decision on the former appeal became the law of the case, and it was there settled that the workmen's compensation act did not apply, and that the case was controlled by maritime law. With this contention we cannot fully agree, for the reason that, on the former appeal, the question now under consideration was not involved. There the only matter passed on was the sufficiency of the complaint, and from the complaint it appeared that the injury took place upon the ship, in which case the workmen's compensation act was held not to apply. The testimony, however, disclosed a situation different from that alleged in the complaint, in that, although the compelling cause existed on the ship, the actual injury was received on land.

[2] But, in our view, this defense, if it is a valid one, is not available to appellant for the reason that the appellant in its answer specifically alleged that the injury and death was a maritime injury and death, and occurred while the deceased "was engaged in a maritime occupation, and the rules of maritime law apply to the cause of action sued on." Furthermore, the appellant requested instructions in conformity with its pleading, one of which requests was in this language:

"I instruct you that the work of a stevedore is maritime in its nature and that the said Oscar Roswall at the time of his injury was engaged in a maritime service, and the rights and liabilities of the parties are

governed by maritime law and not by the common law.''

This request was never withdrawn and the instruction was given by the court.

[3] At the close of the case, a motion was made for a directed verdict, upon the ground that there was not sufficient evidence to justify the jury in finding any verdict against the appellant. After this motion had been denied, for the first time it appears that the appellant suggested that the workmen's compensation law applied. With the record in this situation, the appellant must be held to be bound by the theory of the defense which it had all along presented and which, at its request, had been adopted by the court. Under the pleadings and requested instructions and the theory which the appellant had pursued, the workmen's compensation act did not apply, and the case was one to be tried according to maritime law. The situation is very similar to that in *O'Brien v. Griffiths & Sprague Stevedoring Co.*, 116 Wash. 302, 199 Pac. 291, where it was sought to change the theory of the case and make the admiralty rule govern. We there said:

''The case cannot be presented by the pleadings and proof and instructions in the lower court upon one theory, and then presented for the first time in this court upon a different one.''

And the rule was adhered to that this court will determine a case upon appeal upon the same theory upon which it was tried below. Under this rule, the appellant's first suggested error must be decided against it.

It is true that the appellant also proposed a requested instruction that the action was governed by the workmen's compensation law and that the jury

should be instructed to bring in a verdict in favor of the appellant. This request was inconsistent with the one above quoted, and under such circumstances the court was not in error in accepting one of the theories, at appellant's request, and rejecting the other. 4 C. J. 708; *McKenzie v. North Coast Colliery Co.,* 55 Wash. 495, 104 Pac. 801, 28 L. R. A. (N. S.) 1244; 38 Cyc. 1711.

[4] Another point strongly urged by the appellant is that the trial court should have decided, as a matter of law, that there was not sufficient evidence to go to the jury upon the question of the incompetency of Gus Nelson, the winch driver. One of the grounds of negligence alleged was the employment of an incompetent winchman. The jury, in special findings, found that Nelson was incompetent and that his incompetency was the proximate cause of the injury. The testimony in regard to Nelson's ability presented a question of fact to be determined by the jury. There was testimony that Nelson was incompetent and that this fact was well known to the appellant, or should have been. Witnesses testified that "Gus Nelson was one of the most roughest and most careless winch drivers of any winch driver on Willapa Harbor," that he drove too fast, that he landed the loads in an improper manner and jerked the loads about, that he failed to obey instructions, and was generally careless. With this testimony in the record, it was impossible for the court to withdraw the question of this item of negligence from the consideration of the jury, and the jury having found against the appellant by the special findings, this court cannot say that the question of incompetency should have been withdrawn from consideration.

[5] It is argued that, even though there might be some testimony showing that Nelson had operated the winch at times in an unsatisfactory manner, the legal

presumption that the master used reasonable care in the selection of his servants had not been overcome, there being, it is claimed, no proof that the appellant had any knowledge of Nelson's alleged incompetency. Actual knowledge that the incompetency existed is not necessary. If the conduct of Nelson in the operation of winches was such as that testified to by two or three of the respondent's witnesses, and Nelson had operated for many years in the vicinity where the appellant was engaged in business, the appellant would be guilty of negligence in employing him, whether it had actual knowledge of his incompetency or not, if that incompetency should have been known to the appellant. *Green v. Western American Co.*, 30 Wash. 87, 70 Pac. 310; *Southern Pacific Co. v. Hetzer*, 135 Fed. 272. That presented a question of fact for the jury to determine, whether, believing the testimony introduced to show that Nelson had been guilty of repeated acts of carelessness and incompetency, the appellant had exercised reasonable care in selecting the winchdriver, and should have obtained knowledge of his incompetency, had it made reasonable inquiry. The instructions in reference to the incompetency of Nelson as a winchdriver are objected to on the ground that the jury was given a right to consider the nervousness and excitability of Nelson, and also the question of whether he habitually operated the winch roughly and at too high speed. It may be that a winchman might be competent and yet be subject to the criticism that the jury was told that it might consider. But, on the other hand, those are certainly proper elements to take into consideration in determining whether, as a matter of fact, Nelson was incompetent.

[6] The next error assigned is that the court instructed the jury that, if they found that the deceased

was guilty of contributory negligence, then that fact could be taken into consideration only to diminish the amount of the recovery. It is the appellant's position that contributory negligence in an action of this kind is a complete defense and does not merely go to the amount of damages. It is concededly true that, under the admiralty rule, if this were an action for personal injury only, contributory negligence would not be an absolute defense. But the situation here, it is to be remembered, arises under a state statute which gives the right of recovery for death occurring on navigable waters inside the state limits. That is a right of action which is not known to the maritime law, and it has been repeatedly held that accompanying that right are all the liabilities and reservations imposed upon it by the state or common law. The right of action depending upon the state statute, that right can only be enforced subject to the limitations imposed upon it by the laws of the state. In this state, contributory negligence is an absolute defense, and it must follow that respondent's action, having been maintained purely by virtue of the state act, can be defended against by all those defenses available under the laws of the state to their full force and effect. Authorities are cited to the effect that, for an injury to an employee on board ship, the defense of contributory negligence merely would go to the reduction of damages. But in these cases the Federal courts were enforcing a liability arising out of Federal law and, in the administration of their admiralty rules, were giving effect to one of those rules relating to the defense of contributory negligence. But here we have a state court interpreting and giving effect to one of its own laws by virtue, of course, of Federal permission; but in that interpretation the state court should apply its own general principles. It would

make no difference if the suit were being tried in a Federal court; that court, in enforcing the state law, would recognize the defenses available under such law.

[7] The respondent further argues that this case, having been tried under the maritime law, and the rule of contributory negligence being a rule of maritime law, that rule should apply. Although this case may be triable as would be a case in admiralty, still the rule in admiralty must be that a suit, brought there under a state statute to recover for death, is subject to the limitations upon the statute which gives the right to begin the action. It is further argued that, in maritime affairs, uniformity and harmony of decision are essential. But the answer to this contention appears in a quotation which we will hereafter make.

The supreme court of the United States, in *Western Fuel Co. v. Garcia,* 257 U. S. 233, 66 L. Ed. 210, considering a case arising from a death upon the navigable waters of the state of California, where the statute gave a right of action, but provided that the action should be brought within one year, held that, in an action brought in the Federal court to recover damages for death by wrongful act, the cause arising by virtue of the California law, the California law in regard to the statutory limitations would be applied in the Federal admiralty court. If a statute of this kind was binding in the Federal court in admiralty, it would seem that all the more should a statute which affects as vitally the merits of an action, as does a statute of limitations, should be given effect in the state court trying a case under the maritime law. In that opinion the following was said:

"As the logical results of prior decisions we think it follows that where death upon such waters follows from a maritime tort committed on navigable waters within a state whose statutes give a right of action on

account of death by wrongful act, the admiralty courts will entertain a libel in personam for the damages sustained by those to whom such right is given. The subject is maritime and local in character, and the specified modification of or supplement to the rule applied in admiralty courts when following the common law will not work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations. *Southern Pacific Co. v. Jensen,* 244 U. S. 245.

"The California Code of Civil Procedure, § 340, prescribes one year as the period within which an action for death caused by wrongful action or negligence shall be brought. It is admitted that, under the circumstances here presented, suit against petitioner, if instituted in a court of that state, would have been barred, and we are of opinion that the same limitation must be enforced in respect of the admiralty proceeding. It was so decided in *The Harrisburg,* 119 U. S. 213, 214, 30 L. ed. 362, 7 Sup. Ct. Rep. 140, a proceeding in rem, begun in the United States district court, eastern district of Pennsylvania. The steamer belonged to the Port of Philadelphia, where she was duly enrolled, and the accident occurred upon navigable waters within Massachusetts. The Pennsylvania statute permitted suit for damages resulting from death, and provided that 'the action shall be brought within one year from the death, and not thereafter.' The Massachusetts statute provided that, in case of death resulting from the wrongful action of a corporation, the executor might recover by indictment a fine not exceeding $5,000, and further, that indictments against a corporation for loss of life shall be prosecuted within one year from the injury causing the death. Through Mr. Chief Justice Waite, this court said:

" 'The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the

right to sue at all. No one will pretend that the suit in Pennsylvania, or the indictment in Massachusetts, could be maintained if brought or found after the expiration of the year, and it would seem to be clear, that, if the admiralty adopts the statute as a rule of right, to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right.' See also *Davis v. Mills,* 194 U. S. 451, 453, 48 L. ed. 1067, 1068, 24 Sup. Ct. Rep. 692.

"'An act Relating to the Maintenance of Actions for Death on the High Seas and Other Navigable Waters,' approved March 30, 1920, chap. 111, 41 Stat. at L. 537, gives a right of action for damages resulting from death caused by wrongful act, neglect, or default occurring on the high seas beyond one marine league from the shore. It expressly directs: 'That the provisions of any state statute giving or regulating rights of action or remedies for death shall not be affected by this act. Nor shall this act apply to the Great Lakes or to any waters within the territorial limits of any state, or to any navigable waters in the Panama Canal Zone.' "

The court of appeals of New York in *Maleeny v. Standard Shipbuilding Corporation,* 237 N. Y. 250, 142 N. E. 602, had under consideration an action brought in the state court under the maritime law for personal injuries, and recognized that, while at common law contributory negligence barred a recovery, in admiralty it merely reduced or apportioned the damages, but that the action was one which was maintainable under the maritime law and did not depend upon a state statute for existence.

"At common law there was no recovery for death due to negligence. State statutes have modified this common-law rule by giving a cause of action to the representatives of the deceased. This, in my opinion, is more than a mere change in remedy or a method of procedure. It is giving of a substantial right. The reason it is recognized in admiralty is because it in no way interferes with the general scheme and scope of the admiralty law or the purposes which require that law to be uniform in all jurisdictions. It will not do to call these death statutes mere modifications of remedy as they are not such in fact. This is evidenced by the rule in the Garcia Case that the time limited within which to bring the death action is a part of the right, and not the remedy, and will be given force and effect in admiralty courts. . . .

"Again as evidencing that the death statutes deal with something more than the remedy, we find the admiralty courts following the state courts as to contributory negligence in such cases, and holding contrary to their customary rule, that as contributory negligence bars recovery in a state court, in an action to recover for death from negligence, so likewise will contributory negligence bar recovery in the admiralty court."

In *Dobrin v. Mallory S. S. Co.*, 298 Fed. 349, the statute of this state, under which the present action is being prosecuted, was under consideration, and the court there said:

"There is no remedy in admiralty, independent of statutory law, for the death of a laborer resulting from a maritime tort. *Bloom v. Furness-Withy & Co.* (D. C.) 293 Fed. 98. The right to recover being derived from a state statute, all limitations imposed by the statute upon such right must be respected. *O'Brien v. Luckenbach S. S. Co., Inc.* (D. C.) 286 Fed. 301, affirmed (C. C. A.) 293 Fed. 179.

"Under the statute of the state of Washington the right of the personal representatives to recover for the benefit of the parents of the deceased is dependent

upon their residence in the United States at the time of the decedent's death, and as it affirmatively appears that they were not residents of the United States at the time of the decedent's death, but were residents of Ireland, the plaintiff has no right under the statute of the state of Washington to maintain the instant action.''

In Benedict on Admiralty (5th ed.), p. 215, § 148, this matter is covered as follows:

''Within the boundaries of the State, upon public navigable waters of the United States, a State statute creating a right of action for death is given effect in admiralty and may be made the foundation of a suit *in personam* against the wrongdoer to recover damages for a death negligently caused when the locality of the tort is maritime; a right of action *in rem* exists when the State statute creates a lien, but not otherwise. The claims of death claimants are admitted in proceedings to limit liability, not upon the theory that they are claimants by virtue of a lien but because the situation presented is that contemplated by the statute—a liability of the shipowner by fault of the ship without personal fault of the owner.

''A suit in admiralty, brought by virtue of a State statute, to recover damages for death, is subject to the limitations of the statute on which the right of action rests. The limitation by the State statute of the time within which an action may be brought thereunder is observed in admiralty. The decedent's contributory negligence, if it would bar a recovery under the State statute in the State courts, bars recovery likewise in admiralty for the Federal courts do not find in the State statute a more enlarged right than do the State courts. A State statute is not rendered inoperative in admiralty by the fact that it makes provision for jury trial for which admiralty substitutes its own procedure nor, in an action to recover for a seaman's death, by the fact that had he lived he could have recovered only maintenance and cure and not the compensatory damages which the statute allows. Generally the applicable

statute is that of the State within whose boundaries occurs the accident occasioning death, but, in the case of seamen, the law of the State to which the vessel belongs has been applied. Prior to the Act of Congress, the law of the State of the vessel owner's residence or corporate organization was applied in case of death upon or by fault of a ship at sea. In an action in admiralty under a State statute creating a right of action for death by wrongful act, the same principles of decision are applied as would be applicable in a common law action, but matters of pleading, practice and evidence are governed by the rules and decisions in admiralty. A State statute is enforceable in an action in the State courts at common law without infringement of the maritime jurisdiction."

The following cases confirm the authorities above cited:

*O'Brien v. Luckenbach S. S. Co.*, 286 Fed. 301; *O'Brien v. Luckenbach S. S. Co.*, 293 Fed. 170; *The Thompson*, 39 Fed. 115; *The City of Norwalk*, 55 Fed. 98; *Robinson v. Detroit & C. Steam Nav. Co.*, 73 Fed. 883; *Quinette v. Bisso*, 136 Fed. 825; *Gretschmann v. Fix*, 189 Fed. 716; *Regina v. Dunlop S. S. Co.*, 128 Fed. 784; *Groonstad v. Robins Dry Dock & Repair Co.*, 236 N. Y. 52, 139 N. E. 777.

There seems to be but one authority to the contrary and that appears in *The Devona*, 1 Fed. (2d. series) 482.

It follows, therefore, that the instruction given by the court was incorrect, and the requested instruction to the effect that contributory negligence was a bar to the respondent's recovery should have been given. For this reason, the judgment must be reversed.

Other assignments of error are predicated upon the giving of certain instructions. One of these relates to the measure of damages. This instruction is concededly erroneous, and its giving is sought to be sus-

tained on the ground that it was invited by the appellant's theory of the case.

Objection is also made to the instructions which include elements of negligence not properly within the issues and proof. These objections and others relate to matters which probably will not recur upon the new trial, and we will not at this time give them consideration for that reason.

The judgment is reversed and a new trial granted.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.