[No. 29217.    Department Two.    April 10, 1944.]

CHRIS WILKINS, *Appellant*, v. FOSS LAUNCH & TUG
COMPANY, *Respondent*.[1]

*Vanderveer, Bassett & Geisness*, for appellant.

*Bogle, Bogle & Gates, Edward G. Dobrin*, and *Thomas L. Morrow*, for respondent.

ROBINSON, J.—This appeal presents a single but difficult question of law.    Two small vessels, while navigating in Puget Sound, came into collision.    One was damaged, and her owner brought a tort action at law against the owner of the other.    The trial judge, having heard the evidence, announced that he would enter findings holding that both vessels were negligently navigated and enter judgment of dismissal.    Thereupon, the plaintiff contended that he was entitled to have the divided damage rule of the admiralty courts applied.

The difference between the rules hitherto applying in admiralty and law actions was concisely stated in the opinion pronounced by the supreme court of the United States in 1893 in the case of *Belden v. Chase*, 150 U. S. 674, 37 L. Ed. 1218, 14 S. Ct. 264:

[1]Reported in 147 P. (2d) 524.

"The doctrine in admiralty of an equal division of damages in the case of a collision between two vessels when both are in fault contributing to the collision, has long prevailed in England and this country. *The Max Morris,* 137 U. S. 1. But at common law the general rule is that if both vessels are culpable in respect of faults operating directly and immediately to produce the collision, neither can recover damages for injuries so caused. *Atlee v. Packet Co.,* 21 Wall. 389."

The court squarely held, in that case, that the common-law rule should be applied. This court has so held in tort actions at law arising out of a collision between two vessels in navigable waters, in *Novak v. Fishermen's Packing Corp.* (1935), 184 Wash. 526, 52 P. (2d) 336; *Sea Products Co. v. Puget Sound Nav. Co.* (1937), 191 Wash. 276, 71 P. (2d) 43; and so, also, has our ninth circuit court of appeals in *Puget Sound Nav. Co. v. Nelson,* 41 F. (2d) 356. In that case, decided in 1930, the court said, in its opinion prepared by Judge Rudkin, formerly a chief justice of this court:

"The appellee contends further that contributory fault or negligence on the part of a plaintiff is no bar to a recovery in an action of this kind. The settled rule is otherwise.

"Counsel further contends that this is essentially a case in admiralty and that we should review it as upon an appeal in admiralty. But the appellee electing to prosecute his remedy at law, as he had a right to do, and having done so, we are not now at liberty to review the case as if brought in admiralty. In many cases a plaintiff has a remedy at law and a concurrent remedy in equity or admiralty, but if he proceeds on the law side of the court he cannot, on appeal or writ of error, insist that the case should be reviewed as if brought on the equity or admiralty side of the court."

The trial court, in dismissing the instant case, relied upon the decisions above cited, and others to the same effect. The appellant says, in his brief, that: "The doctrine relied upon by the trial court had its origin in *Belden v. Chase,* . . ." But his own quotation from the opinion in that case shows that this statement is inaccurate, for

424

it contains a citation to the case of *Atlee v. Packet Co.,* 88 U. S. 389, 395, 21 L. Ed. 619, in which the court had said, nineteen years before:

"In the common-law court the defendant must pay all the damages or none. If there has been on the part of plaintiffs such carelessness or want of skill as the common law would esteem to be contributory negligence, they can recover nothing. By the rule of the admiralty court,. where there has been such contributory negligence, or in other words, when both have been in fault, the entire damages resulting from the collision must be equally divided between the parties. This rule of the admiralty commends itself quite as favorably in its influence in securing practical justice as the other; and the plaintiff who has the selection of the forum in which he will litigate, cannot complain of the rule of that forum."

Furthermore, the so-called doctrine was current and well-understood in the state courts long before the decision in *Belden v. Chase.* We cite and quote illustrative **examples:**

"It is an undoubted rule, that, for a loss from mutual negligence, neither party can recover in a court of common law; and, so general is it, that it was applied in *Hill v. Warren,* 3 Stark. 377; s. c. E. C. L. R. 390, to the negligence of agents, respectively appointed by the parties to superintend the taking down of a party-wall. Courts of admiralty, indeed, decree according to the circumstances, so as to apportion the loss; but certain it is, that a court of law, whether for its inability to adapt its judgment to the merits of such a case, or whether for any other cause, refuses to interfere at all. . . . " *Simpson v. Hand* (Pennsylvania, 1840), 6 Wharton, 311, 321, 36 Am. Dec. 231, 232.

"But we are satisfied that the Chancellor did err in instructing the jury that they should *apportion* the damages equally between the owners of the two boats, in case they should believe that both were in fault. . . .
"We are aware that this is the rule in the Admiralty Courts of England, which are governed by the civil law, in cases of a conflict between ships, sailing on the ocean. It is also the rule by the ordinances of many of the kingdoms of continental Europe. And in others, in such cases, the damages are apportioned according to the degree of fault.
"But neither of these rules are adopted by the common

law courts of England; but on the contrary, if the conflict and injury was purely accidental and unavoidable, or if the officers of both vessels were in fault, neither can recover. And the common law rule is the rule by which this court and the courts of Kentucky are to be governed." *Broadwell v. Swigert* (Kentucky, 1846), 7 B. Monroe, 39, 41, 45 Am. Dec. 47, 49.

"It is proper to say, however, that the admiralty rule adopted by the court below, by which the loss in such a case is divided equally between the parties, does not prevail in the courts of common law, and is inconsistent with common-law principles. When the negligence or fault of the injured vessel contributes to produce the injury, so that the injury results directly from the negligence or fault of both vessels, the common law does not undertake to say how much of it is due to one and how much to the other, and leaves the loss where it falls." *Union Steamship Co. v. Nottinghams* (Virginia, 1866), 17 Grattan, 115, 123, 91 Am. Dec. 378, 381.

"The rules of admiralty on the subject of collision do not concur in all respects with those of the common law. This being an action at common law, tried by a jury, the presiding justice properly instructed them, in substance, that if the collision were the fault of the plaintiff, or of both parties, or of neither, the plaintiff could not recover. If it happened by the fault of the defendants and without any contributory fault of the plaintiff, then he could recover, provided he had sustained the burden of proof which the law imposed on him." *Lord v. Hazeltine* (1877), 67 Me. 399, 400.

In the opinions in these four cases, and in the notes to some of them, there are many supporting citations of earlier cases to the same effect, predominantly from the English courts.

The appellant concedes that the decided cases are against his contention, and cites no really decisive authority in its support. He contends, however, that, within the past twenty years, the supreme court of the United States has rendered a number of decisions which, if followed to their logical conclusion, must result, and, on the first occasion when the question is directly before that court, will unques-

tionably result, in an abandonment of the position taken in *Belden v. Chase.*

It will be impossible, within the proper limits of this opinion, to do adequate justice to the argument which appellant has submitted in support of his contention. In discussing the decisions up to 1928, it follows, rather closely, an article on divided damages published that year, in 6 N. Y. U. Law Rev. 15, by George C. Sprague, then a member of the New York bar and an assistant professor of law at New York University. To the cases discussed by Professor Sprague, appellant has added a number of later decisions. Of these, the most important are: *Colonna Shipyard v. Bland,* 150 Va. 349, 143 S. E. 729, 59 A. L. R. 497; *Beadle v. Spencer,* 298 U. S. 124, 80 L. Ed. 1082, 56 S. Ct. 712; *Garrett v. Moore-McCormack Co.,* 317 U. S. 239, 87 L. Ed. 239, 63 S. Ct. 246; *Davis v. Dept. of Labor & Industries,* 317 U. S. 249, 87 L. Ed. 246, 63 S. Ct. 225; *In re Pennsylvania R. Co.,* 48 F. (2d) 559; *Wolker v. Electric Ferries,* 82 F. (2d) 1023.

In Professor Sprague's article, it is said:

"In Benedict on Admiralty it is sought to reconcile *Belden v. Chase* with *Port of New York Stevedoring Company v. Castagna* by drawing a distinction between maritime torts arising out of contractual relations impliedly contemplating the application of the maritime law and others where no contractual relation is involved. In the first it is said common law courts should divide the damages and in the second not."

Professor Sprague was here speaking of § 26 of the 5th edition of Benedict on Admiralty, published in 1925. The appellant points out that, in the 6th edition of that work, published in 1940, the editor has rewritten a portion of § 26 to read as follows:

"In actions in tort between parties having no contractual relation, it has long been considered that the common law courts should apply their own rules as to the amount of recovery and the effect of contributory negligence. The opinion now obtains, however, that the relation of the common law courts to a maritime cause of action was fundamentally developed in 1918 by the opinion in the

case of *Chelentis v. Luckenbach.* The view now is that maritime rights are to be determined according to maritime law not only whenever the parties seek a maritime remedy in the admiralty court but also whenever they seek a common law remedy under the 'saving clause' of the Judiciary Act of 1789."

It is interesting to note that, in 1873, the English Parliament passed the following statute:

"In any cause or proceeding for damages arising out of a collision between two ships, if both ships shall be found to have been in fault, the rules hitherto in force in the Court of Admiralty, so far as they have been at variance with the rules in force in the Courts of Common Law, shall prevail." Judicature Act 1873, s. 25 (9).

There can be no doubt but that the logical trend of the recent decisions of our supreme court seems toward the rule contended for by the appellant. However, as far as we are advised, there has as yet been no really authoritative decision which has squarely applied the rule, at least in a tort action arising out of a collision between vessels; and, in spite of the statement, just quoted from the current edition of Benedict, which, after all, is but the opinion of the revisor, it is not yet clear that our supreme court will apply the reasoning of *Chelantis v. Luckenbach S. S. Co.,* 247 U. S. 372, 62 L. Ed. 1171, 38 S. Ct. 501, and similar cases, to such a case.

In Professor Sprague's article, it is said, by way of conclusion:

"The true determinative question would seem to be whether the rule of divided damages is a matter of right or a matter of procedure. If it is a matter of right then upon established principles it should follow the maritime tort litigants into the common law courts; if a matter of procedure it should not."

We are of the opinion that this is a correct conclusion. The correct answer to the determinative question is, however, not so readily apparent.

In *In re Pennsylvania R. Co., supra,* a case decided in the second circuit court of appeals in 1930, it is expressly held that the divided damage rule is a matter of procedure.

The opinion of the court in that case was written by Judge Learned Hand, who is nationally regarded as outstandingly qualified in the field of admiralty law, and, after a discussion of the many cases therein cited, it is said, in part:

"We can see no escape therefore from concluding that as between a common-law court and a court of admiralty the question is treated as one of procedure, though in general the law *is* otherwise."

Since the rule of divided damages originated and developed in the admiralty courts, it would seem the better part of wisdom for common-law courts to await a definitive answer to the question whether the rule is substantive or procedural, from the Federal courts, which have, ever since 1789, been vested with exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction,

". . . saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." Section 9, Judiciary Act of September 24, 1789, chapter 20, 1 Stat. at L. 76.

At all events, it would be presumptuous, in a state court, to hold that the rule of divided damages is a part of the substantive law of admiralty when a circuit court of the United States has said a common-law court should treat it as one of procedure, or to hold that the supreme court of the United States has, by a series of later decisions, gotten itself into a position where it must, of necessity, overrule its decision in *Belden v. Chase.*

The kind of action with which we are here concerned is brought under the saving clause, above quoted from the Federal judiciary act. It is conceivable that, even if the divided damage rule should be held to have created a right, some common-law courts might still refuse to take jurisdiction in such a case as this, saying that their practice affords no remedy in a tort action to one whose negligence was a contributory cause, and, therefore, that the remedy sought is one which a common-law court is not "competent" to give. It seems probable, however, that under the rule of comity, such a remedy would be af-

forded. The absence of a substantive right in admiralty to recover for wrongful death has not deterred the admiralty courts from entertaining such actions, where the right asserted is created by state statutes, and they have uniformly afforded remedies and relief according to the terms thereof. *Western Fuel Co. v. Garcia,* 257 U. S. 233, 66 L. Ed. 210, 42 S. Ct. 89. See, also, *Roswall v. Grays Harbor Stevedore Co.,* 138 Wash. 390, 401, 244 Pac. 723, 50 A. L. R. 445. Presumably, the state courts would, in like manner, enforce the Federal admiralty law. A decision as to that matter must, of course, await a proper occasion.

The judgment appealed from is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and MALLERY, JJ., concur.