## GRAHAM v. THE NOVARCHOS KOUN-DOURIOTIS.

### No. 106.

United States District Court
S. D. Florida, Jacksonville D.

Aug. 15, 1951.

Chester Bedell and Bedell & Bedell, all of Jacksonville, Fla., Johnson & Cleveland, Jacksonville, Fla., for libellant.

Scott M. Loftin, Harold B. Wahl, Jacksonville, Fla., for respondent.

SIMPSON, District Judge.

By my Order of April 13, 1951 in this case, I struck the respondent's defenses, Second to Sixth, inclusive, upon libellant's motion. These defenses raise the defenses of contributory negligence, the negligence of the employer of plaintiff's decedent, Strachan Shipping Company, and the due care on the part of the vessel, its owner and master, in providing safe equipment and inspecting the same. Upon rehearing granted and full reargument, I am convinced that the striking of these defenses was error, and that they should be reinstated and made available to the respondent. An Order to this effect will be entered.

The suit is in rem by the widow of a stevedore who was killed while employed by Strachan Shipping Company in unloading the vessel in the Port of Jacksonville, Florida. It is brought under the Florida Death by Wrongful Act Statute, section 768.01, Florida Statutes Annotated, under which the widow is given the right to sue and the further right to proceed in rem for death occasioned by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or person employed thereon. The libel asserts both the negligence of the vessel's owners in providing unsafe equipment and also that the death of libellant's husband resulted proximately from the unseaworthiness of the vessel. Upon the claim of unseaworthiness the libellant's position is that the right of a longshoreman, extended him by Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, to recover for injuries suffered from the ship's unseaworthiness, descends to his widow in the event of his death under the Florida Statute, section 768.01, supra. Since this liability to provide a seaworthy vessel is absolute and without fault, the defenses of contributory negligence and reasonable care would not be applicable. By my former ruling, I sustained this theory of the libellant's right of action in striking these defenses.

A reexamination of the principles and cases involved convinces me that the defenses should be allowed to stand and that the libellant in the trial of this case should be limited to her asserted cause of action by reason of the negligence of the vessel, her owners and crew.

It is the undoubted present holding of the United States Supreme Court, by its five to three decision in the Sieracki case, supra, that the liability of the vessel and her owner to indemnity for the injuries caused by unseaworthiness of the vessel (set forth at page 175 of 189 U.S., at page 487 of 23 S.Ct., 47 L.Ed. 760, in The Osceola), is available to longshoremen as well as to seamen. Plaintiff's decedent, if he had lived, could have maintained such an action for injuries. But see Lindgren v. U. S., 281 U.S. 38, at page 47, 50 S.Ct. 207, at page 211, 74 L.Ed. 686, where the statement is made: " * * * the prior maritime law * * * gave no right to recover indemnity for the death of a seaman, although occasioned by unseaworthiness of the vessel. The statement in The Osceola, supra, 175, of 189 U.S., 23 S.Ct. 483, on which the administrator relies, relates only to the seaman's own right to recover for personal injuries occasioned by unseaworthiness of the vessel, and confers no right whatever upon his personal representatives to recover indemnity for his death."

The right to recover on behalf of the widow arises solely under the Florida Statute, section 768.01, F.S.A. In numerous admiralty cases the Court of Appeals for the Fifth Circuit has held that suits brought under various Death by Wrongful Act Statutes of the several states are subject to all the defenses available under the jurisprudence of the state whose statute gave the right of action. See the following cases: Quinette v. Bisso, 5 Cir., La., 1905, 136 F. 825, 838, 5 L.R.A.,N.S., 303; Mooney v. Carter, 5 Cir., Ala., 1907, 152 F. 147; Truelson v. Whitney & Bodden Shipping Co., 5 Cir., Tex., 1926, 10 F.2d 412; Warnken v. Moody, 5 Cir., Tex., 1927, 22

F.2d 960; Mejia v. U. S., 5 Cir., La., 1946, 152 F.2d 686.[1]

Of course, the undoubted law is that contributory negligence and due care (in effect a denial of negligence) are absolute defenses under the Florida Death by Wrongful Act Statute.

See also the opinion of the Supreme Court of Washington in Roswald v. Grays Harbor Stevedore Co., 138 Wash. 390, 244 P. 723, 50 A.L.R. 445, which meets and answers the arguments made by the libellant in this case, citing the decision of the Fifth Circuit in the Quinette case, supra, and the decision of Judge (later Chief Justice) Taft in Robinson v. Detroit & C. Steam Nav. Co., 6 Cir., 73 F. 883, 894, where it is stated: "rights of action arising *in admiralty under Lord Campbell's act* and similar acts *are to be enforced according to the principles of the common law,* and that contributory negligence is a complete bar to a recovery."

The holding reached on rehearing is in accord with that of Judge Curtis L. Waller (later a member of the Court of Appeals for the Fifth Circuit) in The Ellenor, D.C. Fla.1941, 39 F.Supp. 576, affirmed 5 Cir., 125 F.2d 774, 775. In his opinion, Judge Waller held that if the longshoreman, whose widow was suing under the Florida Wrongful Death Statute, had known certain facts " * * * *he would have been guilty of contributory negligence under the Florida Death by Wrongful Act Statute,* Comp.Gen.Laws Fla.1927, § 7047 [F.S.A. § 768.01], *on which this action is predicated, and his widow could not have recovered.*" 39 F.Supp. at page 580. In affirming, the Court of Appeals stated "if she was herself in safe condition and her appliances good, *and warning given of any hidden danger known to her,* her duty was

1. Since the preparation of this Memorandum the recent Fifth Circuit case of United States of America v. Waterman Steamship Corporation, decided June 30, 1951, and reported in 190 F.2d 499, 1951 American Maritime Cases 1291, has come to my attention. Therein, in a suit in admiralty under the Alabama Death by Wrongful Act Statute, Code 1940, Tit. 7, § 123, for the alleged wrongful death of a stevedore working aboard a vessel, brought by his employer, its Workmen's Compensation insurance carrier, and his Administrator, the Court of Appeals (Borah, Circuit Judge) again held that the contributory negligence of the deceased was a complete defense to the action, citing Truelson v. Whitney & Bodden Shipping Co., supra.

fulfilled to the charterer and his employees when they came aboard to get his cargo. * * *"; that the Florida Wrongful Death Statute "is expressly limited to cases of death by wrongful act or negligence."