## WESTERN FUEL COMPANY *v.* GARCIA, ADMINISTRATOR OF SOUZA.

CERTIFICATE FROM AND CERTIORARI TO THE CIRCUIT COURT
OF APPEALS FOR THE NINTH CIRCUIT.

No. 28.   Argued March 18, 1921; restored to docket for reargument and writ of certiorari ordered to issue to bring up entire record and cause, March 21, 1921; reargued October 7, 10, 1921.—Decided December 5, 1921.

1. No suit to recover damages for the death of a human being caused by negligence may be maintained in the admiralty courts of the United States under the general maritime law.   P. 240.
2. But where death upon navigable waters follows from a maritime tort committed on navigable waters within a State whose statutes give a right of action on account of death by wrongful act, the admiralty courts will entertain a libel *in personam*, for the damages sustained by those to whom such right is given.   P. 242.
3. The state statutes of limitation are applicable to such proceedings in the federal courts.   So *held*, in a case where the injury and death occurred within the State where the libel was brought and whose statutes, creating the cause of action and providing a limitation, were applied.   P. 242.

Judgment of District Court reversed.

Certiorari to review a case pending in the Circuit Court of Appeals on appeal from the District Court in admiralty.

*Mr. Joseph F. Murray*, with whom *Mr. Robert M. McCormick* was on the briefs, for petitioner.

This action is barred by the California statute of limitations.   *The Harrisburg*, 119 U. S. 199.   In that case the

liability and the remedy in Pennsylvania were created by the Act of 1851 and the limitation was created by the Act of 1855. The liability and the remedy in this case are found in the same statutes, § 377, Code of Civil Procedure, and § 1970, Civil Code, and the limitation here is found in § 340, Code of Civil Procedure. Therefore, it would seem to follow that the limitation in this case is not only of the remedy but of the right. *Davis* v. *Mills,* 194 U. S. 451.

The respondent is not relieved of the bar of the statute of limitations by § 355, Code of Civil Procedure, *Fay* v. *Costa,* 2 Cal. App. 241, as there was no appeal, but the award in favor of Mrs. Souza was annulled by writ of review, the only remedy available to the Western Fuel Company in the state courts. There is an entire failure to excuse the commencement of the action by the proper party, viz, the administrator. In *Union Fish Co.* v. *Erickson,* 248 U. S. 308, the right of action did not depend upon any state law; there was a maritime contract, and a right of action given by admiralty itself.

State statutes fixing the liabilities of parties in tort actions will not be applied in admiralty. Const., Art. III, § 2. Congress purposely excluded trials in admiralty from the operation of § 34 of the Judiciary Act of 1789 (Rev. Stats., § 721) so that the rights of litigants in courts of admiralty should be uniform and equal and not subject to the varying whims and ideas of the legislators of the different States; so that a claimant's right to relief might not be limited by restrictive laws of any state legislature and so that the respondent might not be deprived of his recognized defenses.

In the same Judiciary Act, in what are now §§ 913 and 914 of the Revised Statutes, Congress expressly provided that not even the practice, forms or proceedings in admiralty should be the same as those in state courts. By these several statutes Congress showed unmistakably that

courts of admiralty were to be independent of all state laws and decisions. Cf. *American Steamboat Co.* v. *Chase,* 16 Wall. 522, 534; *Bucher* v. *Cheshire R. R. Co.,* 125 U. S. 555; *Detroit* v. *Osborne,* 135 U. S. 499; *Mc-Claine* v. *Rankin,* 197 U. S. 154. We have been unable to find any case where § 721 has been construed or any effect given it in an action in admiralty. Distinguishing: *Trauffler* v. *Detroit & Cleveland Navigation Co.,* 181 Fed. 256, 261; *Cornell Steamboat Co.* v. *Fallon,* 179 Fed. 293; *Quinette* v. *Bisso,* 136 Fed. 825; *The Alaska,* 130 U. S. 201; and *The Corsair,* 145 U. S. 335.

The statutes of California under consideration here take away from an employer the defenses of assumption of risk, negligence of a fellow servant and contributory negligence. These statutes are not mere rules of evidence. They affect the rights and liabilities of the parties. *New Orleans & Northeastern R. R. Co.* v. *Harris,* 247 U. S. 367; *Yazoo & Mississippi Valley R. R. Co.* v. *Mullins,* 249 U. S. 531. If a state legislature, in actions by employees against employers brought in a court of admiralty, may take away the employer's defenses, then it can go one step further and make the employer responsible for all injuries regardless of negligence. This would be going far beyond what was contended for in *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205. If the New Jersey compensation law is not applicable to maritime torts, and there is no question but that it is not applicable (*Coon* v. *Kennedy,* 248 U. S. 457; 91 N. J. L. 598), how can it seriously be contended that the California Act, which is in effect a compensation law, is enforceable in a court of admiralty?

This court has held in numerous cases in which actions were brought under the Federal Employers' Liability Act that state statutes would have no application, although the suits were brought in state courts, because Congress had legislated. On the other hand, over maritime matters the States had never exercised any jurisdic-

tion, because jurisdiction had been from the beginning reserved to Congress. The distinction was recognized in *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149. And even though Congress, in enacting § 34 of the Judiciary Act, had not shown conclusively that state statutes could not affect proceedings in admiralty, still its failure to legislate could not be construed as permission for the States to make their legislation binding in admiralty. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Knicker-bocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Chelentis* v. *Luckenbach S. S. Co.,* 247 U. S. 372; *Schuede* v. *Zenith S. S. Co.,* 244 U. S. 646; *Workman* v. *New York City,* 179 U. S. 552.

It has always been recognized that material differences in the liabilities of the parties may depend upon the forum, and that, whereas such liabilities at common law might change with the several States, they would remain the same in admiralty. *Steamboat New York* v. *Rea,* 18 How. 223; *Atlee* v. *Packet Co.,* 21 Wall. 389; *The Eagle* v. *Fraser,* 8 Wall. 15; *Smith* v. *Conary,* 1 How. 28; *Watts* v. *Camors,* 115 U. S. 353. Even the dissenting members of this court in the recent cases recognized the rule.

A court of admiralty will recognize state statutes permitting a recovery for death, but will enforce them in accordance with the well-recognized principles of maritime law. Under the Judiciary Act a person injured by reason of a maritime tort has the election of proceeding in admiralty or proceeding at common law. If he proceeds in a court of common law he acquires the benefits and assumes the obligations of the common law. If he proceeds in admiralty, he acquires the benefits and assumes the obligations of admiralty. It was open to the plaintiff in this case to proceed in the state courts of California and there avail himself of the California statutes, but he chose the court of admiralty.

The argument that because in this case admiralty is enforcing a right given by a state statute the liabilities of the parties are fixed by the state statutes, is satisfactorily answered in *The J. E. Rumbell,* 148 U. S. 1. Since Souza met his death by reason of the negligence of a fellow servant, no recovery can be had.

*Mr. Henry Heidelberg,* with whom *Mr. Christopher M. Bradley* was on the briefs, for respondent.

A suit by libel for damages for wrongful death can be maintained only because of the existence of a state statute and the recovery should be in accordance with the substantive law laid down in that statute.

Section 1970 of the Civil Code, and its modifications of the fellow-servant law, violates no " characteristic " features of admiralty law, for the reason that it is in relation to recovery for wrongful death, and there was no common law or admiralty law upon that subject.

The rule of laches should be applied as the law of limitations of actions in this case, for the reason that admiralty has as one of its " characteristics " the law of laches, which is the law of that forum.

The right given under § 1970 has no limitations attached to it as to the length of time in which suit must be brought. The limitation of actions for the State is found in a distinct enactment, § 337, Code of Civil Procedure, which provides for a limitation of one year.

The question thus involved has been passed upon in *Gregory* v. *Southern Pacific Co.,* 157 Fed. 113, in which a suit for wrongful death, based upon an injury happening in California and upon the sections of the California law authorizing such recovery, was maintained in Oregon within two years, notwithstanding the fact that the law of limitation of action for recovery in that case in California was one year. And see *Theroux* v. *Northern Pacific R. R. Co.,* 64 Fed. 84. It will be contended by our opponents

that the California statute of limitations should apply, and cases may be cited in which such statutes of limitation have been applied, but in those cases the law placed a limitation upon the right of recovery by making the statute read " provided " suit is brought within a certain length of time, and the limitation of time for suit will be found within the statute giving the right of suit.

No such limitation is contained in § 1970, Civil Code of California, and time is not made the essence of the right to sue. Courts of admiralty recognize the rule of laches in suits of this kind. *The Harrisburg*, 119 U. S. 199.

Ample excuse for delay was shown in this case.

Limitation of actions is a law of the forum and the law of the forum governs when there is a conflict as to limitations of actions. *O'Sullivan* v. *Felix*, 233 U. S. 318; *Gregory* v. *Southern Pacific Co.*, 157 Fed. 113.

A writ of review, such as was the procedure for reviewing the award of the California Industrial Accident Commission, is not an appeal and hence no subsequent action could have been maintained in the state court pursuant to § 335, California Code Civil Procedure, *Fay* v. *Costa*, 2 Cal. App. 241.

Courts of admiralty are not bound by state statutes in determining the question of laches; they govern themselves by the analogies only, in the absence of special or exceptional circumstances.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

The Circuit Court of Appeals certified certain questions for instruction and thereafter we directed that the cause be sent here for determination as if upon appeal. Judicial Code, § 239.

Manuel Souza, a citizen and resident of California, was instantly killed, August 5, 1916, while employed as a stevedore by the petitioner and at work in the hold of the

" Tancred," a Norwegian vessel under charter to it, then anchored in San Francisco Bay and discharging her cargo. The libel alleged that the injury was caused by coal negligently permitted to fall from a steel hoisting bucket.

Relying upon the California Workmen's Compensation Act of 1913, the Industrial Accident Commission granted an award in favor of the widow and children which the Supreme Court of the State annulled August 6, 1917—a year and a day subsequent to the death.

Shortly thereafter—August 21st—the widow and children began an admiralty suit *in personam* against the petitioner in the United States District Court, Northern District of California, wherein they alleged that the accident resulted from its negligence and prayed for damages. Later, respondent, having been appointed administrator, filed an amended libel with like allegations and prayer; and upon this the cause was ultimately tried. Petitioner denied liability and relied upon § 340, sub-section 3, California Code of Civil Procedure, which requires that an action for damages consequent upon death caused by wrongful act, or negligence shall be brought within one year.[1]

---

[1] CALIFORNIA CODE OF CIVIL PROCEDURE.

TITLE II. TIME OF COMMENCING CIVIL ACTIONS.

Chapter I. TIME OF COMMENCING ACTIONS IN GENERAL.

Section 312. **Commencement of civil actions.** Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, unless where, in special cases, a different limitation is prescribed by statute.

Chapter III. TIME OF COMMENCING ACTIONS OTHER THAN FOR RECOVERY OF REAL PROPERTY.

Section 335. **Periods of limitation prescribed.** The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows: . . .

Section 340. **Within one year.** . . .

3. An action for libel, slander, assault, battery, false imprisonment, seduction. or for injury to or for the death of one caused by the wrongful act or neglect of another or by a depositor against a bank for the payment of a forged. or raised check.

The District Court held in favor of the administrator and awarded substantial damages; the Circuit Court of Appeals has sent up the whole cause under our direction.

It is established doctrine that no suit to recover damages for the death of a human being caused by negligence, may be maintained in the admiralty courts of the United States under the general maritime law. At the common law no civil action lies for an injury resulting from death. The maritime law as generally accepted by maritime nations leaves the matter untouched and in practice each of them has applied the same rule for the sea which it maintains on land. *The Harrisburg,* 119 U. S. 204, 213; *The Alaska,* 130 U. S. 201, 209; *La Bourgogne,* 210 U. S. 95, 138, 139.

How far this rule of non-liability adopted and enforced by our admiralty courts in the absence of an applicable statute may be modified, changed or supplemented by state legislation has been the subject of consideration here but no complete solution of the question has been announced.

In *Cooley* v. *Board of Wardens,* 12 How. 299, and *Ex Parte McNiel,* 13 Wall. 236, the power of a state to legislate concerning subjects maritime in their nature was under discussion; and it was pointed out that as to certain local matters a state statute may grant rights which will be enforced in an admiralty court.

In *American Steamboat Co.* v. *Chase,* 16 Wall. 531, 532, the decedent was killed on navigable waters within Rhode Island. Relying upon the death statute of that State, his administrator sued and recovered in one of its courts. This court affirmed the judgment. Whether an admiralty court could have entertained a proceeding based upon the statute was mooted but not determined.

*Sherlock* v. *Alling,* 93 U. S. 99, arose out of a collision between steamboats on the Ohio River within the limits

of Indiana, whose statute gave a right of action for death caused by wrongful act, and a recovery in the state court was affirmed here. The defense rested primarily upon the erroneous theory that the statute encroached upon the commercial powers of Congress. There was no discussion of the point now directly presented. In *Butler* v. *Boston & Savannah S. S. Co.,* 130 U. S. 557, 558, the point was raised but left without expression of opinion.

*The Hamilton,* 207 U. S. 398, 405, an admiralty proceeding for limitation of liability, affirmed the validity of claims for damages resulting from death at sea based upon the statute of Delaware where the vessel's owner had been incorporated.

The inferior federal courts on the admiralty side have enforced rights of action based upon death statutes holding they had jurisdiction as the claims grew out of torts on navigable waters and were maritime in their nature. *The City of Norwalk,* 55 Fed. 98, and the cases cited. See also Hughes on Admiralty, 2nd ed., pp. 228, 230, *et seq.*

In *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Chelentis* v. *Luckenbach S. S. Co.,* 247 U. S. 372; *Union Fish Co.* v. *Erickson,* 248 U. S. 308, and *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149, we have recently discussed the theory under which the general maritime law became a part of our national law, and pointed out the inability of the States to change its general features so as to defeat uniformity—but the power of a State to make some modifications or supplements was affirmed. And we further held that rights and liabilities in respect of torts upon the sea ordinarily depend upon the rules accepted and applied in admiralty courts which are controlling wherever suit may be instituted. Under this view, *American Steamboat Co.* v. *Chase,* and *Sherlock* v. *Alling,* support the right to recover under a local statute in an admiralty court for

death occurring on navigable waters within the State when caused by tort there committed.

As the logical result of prior decisions we think it follows that, where death upon such waters results from a maritime tort committed on navigable waters within a State whose statutes give a right of action on account of death by wrongful act, the admiralty courts will entertain a libel *in personam* for the damages sustained by those to whom such right is given. The subject is maritime and local in character and the specified modification of or supplement to the rule applied in admiralty courts, when following the common law, will not work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations. *Southern Pacific Co.* v. *Jensen, supra.*

The California Code of Civil Procedure, § 340, prescribes one year as the period within which an action for death caused by wrongful action or negligence shall be brought. It is admitted that under the circumstances here presented suit against petitioner, if instituted in a court of that State, would have been barred, and we are of opinion that the same limitation must be enforced in respect of the admiralty proceeding. It was so decided in *The Harrisburg,* 119 U. S. 213, 214, a proceeding *in rem* begun in the United States District Court, Eastern District of Pennsylvania. The steamer belonged to the Port of Philadelphia, where she was duly enrolled, and the accident occurred upon navigable waters within Massachusetts. The Pennsylvania statute permitted suit for damages resulting from death and provided that " the action shall be brought within one year after the death, and not thereafter." The Massachusetts statute provided that, in case of death resulting from the wrongful action of a corporation, the executor might recover by indictment a fine not exceeding $5,000.00, and further, that indictments

against a corporation for loss of life shall be prosecuted within one year from the injury causing the death. Through Mr. Chief Justice Waite, this court said:

"The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. No one will pretend that the suit in Pennsylvania, or the indictment in Massachusetts, could be maintained if brought or found after the expiration of the year, and it would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." See also *Davis* v. *Mills,* 194 U. S. 451, 453.

"An Act Relating to the maintenance of actions for death on the high seas and other navigable waters," approved March 30, 1920, c. 111, 41 Stat. 537, gives a right of action for damages resulting from death caused by wrongful act, neglect or default occurring on the high seas beyond one marine league from the shore. It expressly directs, " That the provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this Act. Nor shall this Act apply to the Great Lakes or to any waters within the territorial limits of any State, or to any navigable waters in the Panama Canal Zone."

In the present cause the District Court rightly assumed jurisdiction of the proceedings, but erred in holding the

right of action was not barred under the state statute of limitation. Accordingly, its judgment must be reversed and the cause remanded there with instructions to dismiss the libel.

*Reversed.*