## MEJIA et al. v. UNITED STATES.
### No. 11314.

Circuit Court of Appeals, Fifth Circuit.
Dec. 28, 1945.

Rehearing Denied Jan. 25, 1946.

M. A. Grace and Edwin H. Grace, both of New Orleans, La., for appellants.

Herbert W. Christenberry, U. S. Atty., of New Orleans, La., and L. V. Cooley, Jr., Asst. U. S. Atty., of Slidell, La., for appellee.

Before McCORD and LEE, Circuit Judges.

LEE, Circuit Judge.

Two minor children were drowned as the result of a collision between a privately owned motor vessel, on which they were invited guests, and the Army tug "Lt. Col. Herbert L. Kidwell." The collision occurred on October 12, 1942, on the Mississippi River within the territorial limits of the state of Louisiana. More than sixteen months later appellants, the parents of the children, proceeding under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., and the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.,

filed this libel to recover damages against the United States for the alleged wrongful death of the children. The appeal is from a judgment sustaining an exception of no cause of action and dismissing the libel.

The questions for decision here are (1) whether appellants' sole cause of action was created by Article 2315 of the Louisiana Civil Code and was extinguished by the terms of the same statute when it was not enforced within one year, and (2) if so, whether appellants' delay in bringing the suit should have been excused on the grounds pleaded.

The right to claim damages for death exists by statutory provisions alone. Neither at the common law nor at admiralty could such an action be maintained.[1] The various states in the Union, by statute, have removed the common law obstacle, and Congress has created a right of action for death on the high seas. 46 U.S.C.A. § 761, et seq. None of these statutes, however, gives a right of action against the United States. The Public Vessels Act and the Suits in Admiralty Act, upon which appellants rely, are to be construed together as part of a plan to give private owners and operators of vessels the same right of recovery from the Government, for damages caused by public vessels, that they have against each other. United States v. Caffey, 2 Cir., 141 F.2d 69.[2] Such being their purpose, the provisions of the Public Vessels Act authorizing actions against the United States are to be construed with the provisions of the Suits in Admiralty Act, the two Acts together laying down the pattern and marking the restrictions under which the United States may be sued.

Section One of the Public Vessels Act provides that a libel in personam in admiralty may be brought against the United States for damages caused by a public vessel of the United States, but by Section Two of that Act such right is made subject to the restrictions of Section Two of the Suits in Admiralty Act, which provides that a libel in personam may be brought against the United States where, if the public vessel were privately owned or operated, a proceeding in admiralty

[1] The Devona, D.C., 1 F.2d 482, 483; The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210.

[2] "Damages caused by a public vessel of the United States" would seem sufficiently broad to cover loss of life. New England Maritime Co. v. United States, D.C., 55 F.2d 674; Dobson v. United States, 2 Cir., 27 F.2d 807.

688

could be maintained. Thus the permission to sue given by the Public Vessels Act is limited by the Suits in Admiralty Act to cases where the proceeding in admiralty could be maintained if the public vessel were privately owned and operated. Therefore the inquiry pertinent here is whether a proceeding in admiralty could have been maintained by libelants if the Army tug had been privately owned.

■■ There is no statute in admiralty allowing claims for damages for death upon the navigable waters within any state except as to seamen. Where there is no statute in admiralty pertaining to damages for death, courts of admiralty enforce the state law giving such right. The Harrisburg, supra; The Alaska, 130 U.S. 201, 209, 9 S.Ct. 461, 32 L.Ed. 923; The Corsair, 145 U.S. 335; Western Fuel Co. v. Garcia, supra. The only statute in the state of Louisiana providing for damages for death is Article 2315 of the Civil Code of that state, as amended, which creates such right but which limits its life to the space of one year from the death.[3] The one-year limit of Article 2315 is not in the nature of a limitation but is a peremption, and, unless the right created by the Article is exercised within the one-year period, it ceases to exist and is completely lost.[4]

■■ Under said Article a proceeding in admiralty would lie for the death of libelants' children if the Army tug had been privately owned. Consequently, under the Public Vessels Act and the Suits in Admiralty Act appellants were given the right to proceed in personam in admiralty against the United States. Since, however, if privately owned, the cause of action against the Army tug was created by Article 2315 of the Civil Code of Louisiana, as amended, then under the Public Vessels Act and the Suits in Admiralty Act the claim against the Government necessarily was based upon and limited by the codal provision. That Article, as pointed out, while creating a cause of action, gives it a limited life, namely, life for a period of one year; thereafter the cause of action

ceases to exist. Appellants brought this suit some sixteen months after the collision resulting in the death of their children. At that time the cause of action in their favor created by Article 2315 had, by the peremption imposed by that Article, ceased to exist. The two-year period fixed in the Suits in Admiralty Act within which suit may be brought against the United States applies only where the cause of action asserted against the United States is in existence at the time the suit is filed; the privilege to sue the United States upon an existing right is limited to a period of two years from the creation of the right; hence, if the local law creating the right gives it a longer existence than two years, suit to assert such right as against the United States under the congressional acts must be brought within two years. Where, as here, the local law limits the life of the right it creates to one year, the two-year period fixed in the Suits in Admiralty Act is without application.

■ No equitable reason is set forth in appellants' motion to amend sufficient to justify the delay in the filing of the libel. The cause of action was known to libelants; and while they spent considerable time writing letters to government agencies in an attempt to compromise their claim, they were at no time misled or lulled into a sense of security or led into the belief that their claim would be compromised. As said in The Harrisburg, supra [119 U.S. 199, 7 S.Ct. 147]: "* * * No question arises in this case as to the power of a court of admiralty to allow an equitable excuse for delay in suing, because no excuse of any kind has been shown. As to this, it only appears that the wrong was done in May, 1877, and that the suit was not brought until February, 1882, while the law required it to be brought within a year."

No error was committed by the court below in dismissing the libel for failure to file it within one year from the date the right asserted therein accrued, or in overruling the motion to extend the time.

Judgment affirmed.

3 "2315 (2294) (N 1382). Torts—Liability—Survival of action.—Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters, or either of them, for the space of one year from the death * * *."

4 Goodwin v. Bodcaw Lumber Co., 109 La. 1050, 1066, 34 So. 74, 80; Thompson v. Gallien, 5 Cir., 127 F.2d 664.