**O'NEIL et al.**

v.

**SHELTON BROS. TRUCKING CO., Inc.**

Civ. A. No. 3714–53.

United States District Court
District of Columbia.

Nov. 19, 1953.

Theodore E. Lombard, Interdonato & Lombard, Washington, D. C., for plaintiffs.

Albert E. Brault, Brault & Graham, Washington, D. C., for defendant.

PINE, District Judge.

This is a motion by defendant for summary judgment. The facts are not in dispute, and the only issue is one of law.

Plaintiffs are the widow and children of William E. O'Neil, who died after a rupture of the heart suffered while moving a piano "in the course of his employment" by defendant. They allege that his death was caused by the negligence of defendant, and pray for damages as a result thereof, the widow claiming loss of "comfort, affection, assistance, guidance, affection, customary marital relations, and full financial maintenance," and the children loss of "love, care, guidance, attention, and financial assistance."

The suit is therefore one for damages on account of death by wrongful act, for which there is no right of action at common law by a wife or any other person.[1] Such right can only be supplied by statute. That supplied for

---

[1] Western Fuel Co. v. Garcia, 257 U.S. 233, 240, 42 S.Ct. 89, 66 L.Ed. 210; Van-

Beeck v. Sabine Towing Co., 300 U.S. 342, 344, 57 S.Ct. 452, 81 L.Ed. 685.

the District of Columbia was enacted in 1885, patterned after Lord Campbell's Act, and may now be found in Section 16–1201, D.C.Code 1951, hereinafter referred to as the Wrongful Death Statute. This section provides that "whenever by an injury done * * * within the limits of the District of Columbia the death of a person shall be caused by the wrongful act" of another and the act "is such as would, if death had not ensued, have entitled the party injured * * * to maintain an action and recover damages, the person who * * * would have been liable if death had not ensued shall be liable to an action for damages for such death," and that "such damages shall be assessed with reference to the injury * * * to the spouse and next of kin of such deceased person; and shall also include the reasonable expenses of last illness and burial". It further provides that if there be a surviving spouse, the jury shall allocate the portion of its verdict payable to the spouse and next of kin, respectively, according to the finding of damages thereto. The following section, namely, Section 16–1202, D.C.Code 1951, provides that such action shall be brought by and in the name of the personal representative of such deceased person. This is the only statutory right of action for death by wrongful act of general application to the District of Columbia,[2] and therefore the question presented would seem to be whether the instant action can be maintained thereunder.

At the outset, it would appear to be fatally defective in that it is not brought by and in the name of the personal representative of the deceased, as required. Unless the statute of limitations presents an obstacle, that defect could be cured by amendment, but such amendment has not been sought and apparently is not desired because of plaintiff's theory of the case. That theory grows out of Hitaffer v. Argonne Co., 87 U.S.

App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, which is hereinafter examined.

Although the Wrongful Death Statute provides the sole right of action, Congress in 1928 enacted an Employees' or Workmen's Compensation Act for the District of Columbia requiring the payment of benefits in cases coming under its provisions, irrespective of wrong or fault. Act of May 17, 1928, 45 Stat. 600; Section 36–501, D.C.Code 1951. This was accomplished by making the Act familiarly known as the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applicable to the injury or death of "an employee of an employer carrying on any employment in the District". Decedent and defendant were within these categories, and his death came within the purview of the Compensation Act. Accordingly, the Deputy Commissioner of the District of Columbia Compensation District, on March 26, 1953, made an award requiring defendant and its insurance carrier to pay the statutory death benefits to plaintiffs, as well as to make reimbursement for funeral expenses; and pursuant thereto, compensation and funeral expenses have been paid to plaintiffs and the same have been accepted by the widow for her own benefit and for the benefit of her three children, the other plaintiffs herein.

Under such circumstances, defendant claims it is absolved from any other liability, and cites Section 905 of the Compensation Act, 33 U.S.C.A. § 905, which provides, so far as material, that "the liability of an employer * * * shall be exclusive and in place of all other liability of such employer to the employee, his legal representatives, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law * * * on account of such injury or death".

This provision[3] would seem to settle

---

2. For a statute of *special* application, not relevant here, see Second Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

3. See Mellen v. H. B. Hirsch & Sons, 82 U.S.App.D.C. 1, 159 F.2d 461, certiorari denied, 331 U.S. 845, 67 S.Ct. 1534, 91 L.Ed. 1855, and Keffer v. Capital Transit Co., 87 U.S.App.D.C. 13, 183 F.2d 808, as to exclusiveness of remedy.

the point, but the Hitaffer case, supra, on which plaintiffs rely, requires a brief additional discussion. That case permitted recovery by the wife of an injured employee for loss of consortium on the sole theory that, while the Compensation Act is designed to make the employer's liability exclusive to the injured employee or anyone suing in his right, it does not prevent recovery by the wife of a negligently injured employee whom the Court held to have a separate right of action for loss of consortium. •

But the instant case is not analogous. At common law, as above stated, a wife has no right of action for loss of consortium or other injury on account of the *death* of her husband by wrongful act, as she is held to have in Hitaffer in the case of his *injury*. Plaintiff is therefore precluded from maintaining such a separate action under the common law. Her sole right of action[4] in case of death by wrongful act must be found in the Wrongful Death Statute, but an action thereunder may only be maintained if the wrongful act was one which would have entitled her husband to maintain it had death not ensued. Because of the exclusive provisions of the Compensation Act above set forth, that would have been forbidden to the husband, and therefore it follows that it is forbidden to the wife. In addition, all right to damages has been superseded by the express provisions of the Compensation Act itself[5] and by the award and acceptance by her of benefits thereunder.

So far as plaintiff children are concerned, they likewise have no legal basis for their claim, which does not have the support of the ingenious, but unconvincing, argument of their counsel under the Hitaffer opinion.

The motion of defendant for summary judgment will be granted. Counsel will submit appropriate order.

4. Required to be brought by the personal representative, as above stated.

5. Compare Keffer v. Capital Transit Co., supra, holding that the First Employers' Liability Act, constitutional in the District of Columbia, was superseded by the Compensation Act. The Second Employers' Liability Act was expressly excluded from the operation of the Compensation Act.