Helen T. TURNER, Adm'x Estate of
Gordon L. Turner

v.

WILSON LINE OF MASSACHU-
SETTS, Inc.

Civ. A. No. 55–896.

United States District Court
D. Massachusetts.

May 17, 1956.

Leo P. Doherty, Boston, Mass., for plaintiff.

Thomas H. Walsh, and John M. Geaghan, Boston, Mass., for defendant.

ALDRICH, District Judge.

Defendant moves to strike certain portions of the complaint in this civil action on the ground that no valid claim is set out. The complaint is a hybrid product of questionable ancestry, but because it could easily be changed and enlarged I accepted certain additional allegations made by plaintiff's counsel during argument, referred to and delimited in this opinion. Correspondingly, I treat defendant's motion as, in effect, a motion for summary judgment.

In June, 1955, the coastwise steamer Pilgrim Belle grounded on a bar in Boston Harbor and took water. The McKie Lighter Co. undertook salvaging operations, including pumping her out. Plaintiff's intestate, Turner, an employee of

McKie,[1] came aboard to assist with the bailing as supervisor of the pumps. The master of the vessel remained on board. The pump was operated by a gasoline motor belonging to McKie for 14 hours. It was a hot, muggy day. There were no exhaust pipes, and the motors exhausted inboard. No one opened the ports or windows, and there were no blowers in operation. As a result, that portion of the vessel became partially filled with carbon monoxide gas. On such evidence it could be found that the master was negligent in permitting this to occur, and that, whether he was negligent or not, the vessel became unseaworthy. Turner, while engaged in his employment, inhaled excessive quantities of gas for perhaps 7 or 8 hours. During this period he had pains in his chest and was nauseated, but continued to work, not knowing what the trouble was, until he blacked out. He died shortly thereafter without recovering consciousness.

The defendant is the owner of the Pilgrim Belle. There are five counts. In none is there a mention of the Jones Act, or an allegation that it is brought under 46 U.S.C.A. § 688. However, at the hearing plaintiff stated that all counts were brought under that Act. I will first consider each count individually as drawn, and then as if under the Act.

▇▇▇▇ Count 1, as drawn, is for personal injuries (other than death), due to negligence. It is alleged that Turner was a business invitee. The injury was inflicted on navigable waters, and constituted a maritime tort. Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S. Ct. 202, 98 L.Ed. 143; Thorneal v. Cape Pond Ice Co., 321 Mass. 528, 74 N.E.2d 5. The action was brought on the law side of the court. Although there is a prayer for damages in the amount of $10,000, it is not affirmatively alleged that $3,000 is involved. I made inquiry and received statements of plaintiff's counsel addressed to this subject, and hold that as matter of law they could not warrant such a finding.[2] The action, accordingly, fails to satisfy the requirements of 28 U.S.C. § 1331.

▇▇▇ Count 2 is similar to Count 1, except that it makes an additional or alternative allegation of unseaworthiness. Defendant contends that a cause for personal injuries due to unseaworthiness does not survive. It is unnecessary to consider this question, because plaintiff is faced with the same difficulty of absence of the jurisdictional amount. Doucette v. Vincent, 1 Cir., 194 F.2d 834.

▇▇▇ Count 3 seeks to recover for Turner's wrongful death, alleging that it was occasioned by defendant's negligence. Recovery for such death is purely statutory. Plaintiff has no claim under the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., because neither the injury nor the death occurred on the high seas. The Massachusetts death statute, Mass.G.L.(Ter.Ed.) c. 229, § 2C, added by St.1949, c. 427, § 3 as amended, is punitive, and does not create a maritime cause of action. Plaintiff cannot

1. Turner was on McKie's payroll, and was not on the vessel's, but plaintiff contends that, in addition to being a business invitee, in legal effect he was for some purposes also an employee of the vessel. The entire factual basis for this claim appears in this opinion.

2. Plaintiff states that Turner "had tightness across the forehead, severe headache, muscular weakness, dizziness, nausea and vomiting, lasting over a period of at least 7 or 8 hours; that he complained of pain in the chest, stating that he thought he had pneumonia." However such pains may be characterized, actions speak louder than words, and it is admitted that he continued to work throughout this interval. While $3,000 might well be compensation for agonizing pain of short duration due to extreme trauma, or well-known excruciating poisons such as strychnine, and even if it might not be appropriate for me to take judicial notice of the fact that carbon monoxide is a favorite suicide medium because of its relatively innocuous-feeling and insidious effects, I would certainly hold that pain for 7 or 8 hours not severe enough to cause a man to stop work or realize that something more serious was the matter is not of $3,000 extent.

sue in the federal court on this statute in the absence of diversity of citizenship. Doucette v. Vincent, 1 Cir., 194 F.2d 834, 843, note 7.[3]

■ Count 4 is paired with Count 3, and is for death due to unseaworthiness. Unseaworthiness, also, does not create a cause of action for death at common law. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686.

■ Count 5 is for funeral expenses "under the laws of the United States." Counsel suggests no law that would be apposite except Article 7, Shipowners Liability Convention, 1936, 54 Stat. 1693, 1699, which equates recovery with liability for maintenance and cure. Maintenance and cure is a contractual obligation. Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107. In spite of certain conclusory allegations of plaintiff, it is clear that there was no contract between Turner and the defendant. Calvino v. Farley, D.C.S.D.N.Y., 23 F.Supp. 654.

■ The Jones Act cannot breathe life into the complaint. Counts 1 and 2 still must fail for lack of the jurisdictional amount. Branic v. Wheeling Steel Corp., 3 Cir., 152 F.2d 887, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026. The Act cannot aid Count 5, because, as stated, maintenance and cure is purely contractual. It is not within the Act. Nor can it affect Counts 3 and 4. By its terms the Jones Act is an employer's liability act, directed against the seaman's employer. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, rehearing denied 338 U.S. 839, 70 S.Ct. 32, 94 L.Ed. 513. Plaintiff points out that the fact Turner was working aboard ship made him a seaman for the purpose of the Act. This may well be so; but that is not to say his employer was the ship. Regardless of the location of his activities, he was in the employ of McKie, and not of the defendant. White v. American Barge Lines, D.C. W.D.Pa., 127 F.Supp. 637; The New Brooklyn, D.C.D.Mass., 37 F.Supp. 955; cf. Kelly v. Delaware River Joint Commission, D.C.E.D.Pa., 85 F.Supp. 15, and cases cited. Plaintiff has a number of other courses open, including her action against McKie. This complaint is dismissed.

3. Where liability for death depends upon a state statute any admiralty cause is not only limited to the state substantive law, Byrd v. Napoleon Avenue Ferry Co., D.C.E.D.La., 125 F.Supp. 573, affirmed 5 Cir., 227 F.2d 958, certiorari denied 76 S.Ct. 783 (contributory negligence); Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (time for suit); but if the statute is purely penal it creates no admiralty cause at all. M'Afee v. The Creole, D.C.E.D.Pa., 15 Fed.Cas. 1201, No. 8,655. In In re St. Louis & Tennessee River Packet Co., D.C. E.D.Mo., 266 F. 919, the statute, though partly penal, considered fair compensation as a measure of damages. The Massachusetts statute does not, but makes "degree of * * * culpability" the sole measure. Therefore while, in the broad, the statute does have a compensatory effect, and that adjective has been used, it is truly penal, Porter v. Sorell, 280 Mass. 457, 182 N.E. 837, 85 A.L.R. 1159; Arnold v. Jacobs, 316 Mass. 81, 54 N.E.2d 922, and is "exactly what Lord Campbell's act is not." Hudson v. Lynn & Boston Railroad Co., 185 Mass. 510, 519, 71 N.E. 66, 70. Even if it is not penal to the extent that, upon a showing of diversity, a civil action could not be brought on the law side of the court, Boston & M. R. R. v. Hurd, 1 Cir., 108 F. 116, 56 L.R.A. 193, certiorari denied 184 U.S. 700, 22 S.Ct. 939, 46 L. Ed. 765; Cross v. Ryan, 7 Cir., 124 F. 2d 883, certiorari denied 316 U.S. 682, 62 S.Ct. 1269, 86 L.Ed. 1755, the importation of a pure penalty instead of damages would scarcely be consistent with the "characteristic features of the general maritime law." Cf. Western Fuel Co. v. Garcia, 257 U.S. 233, 242, 42 S.Ct. 89, 90.