Mrs. Mildred TRIPLETT, Administratrix of the Estate of William Charles Wagner, Deceased, Libelant,

v.

UNITED STATES of America, Respondent.

No. 3346.

United States District Court
S. D. Mississippi,
Jackson Division.

Feb. 11, 1963.

888

Aaron L. Ford, Jackson, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss. and Bardyle R. Tirana, Admiralty and Shipping Section, Department of Justice, Washington, D. C., for defendant.

COX, Chief Judge.

This is a suit In Admiralty in personam against the United States for the fatal injury on November 24, 1961, of a school boy and his resulting death on November 26, 1961. William Charles Wagner, intestate deceased, was fatally injured as an invited passenger of a privately owned and operated motor boat on the inland navigable waters of the Yazoo River within the state of Mississippi near Vicksburg when the motor boat being operated in the night time collided with an unlighted and unmarked vessel of the United States Engineers then anchored in the channel of the river. This suit was filed in this court on December 10, 1962, within the two year period fixed by 46 U.S.C. 1952 ed. § 745. Several authorities exist for the institution of this suit, such as the "Suits in Admiralty Act" and the "Public Vessels Act," 46 U.S.C. 1952 ed. § 741 et seq. and § 781 et seq. and the general Mississippi Wrongful Death Statute, appearing as § 1453 Mississippi Code 1942 and § 1565 Mississippi Code 1942 which is the wrongful death statute dealing with maritime torts resulting in death.

The respondent has moved for a summary judgment on the sole ground that the action is barred by a Mississippi one year statute of limitations. If a Mississippi statute proscribes this action within the two year period when the suit is authorized to be filed against the United States, it will apply and govern here. The E. B. Ward, Jr. (1883), (5 C.C.A.) 17 F. 456; Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210;

46 U.S.C. 1952 ed. § 746. Section 728 Mississippi Code 1942 on which respondent relies, is captioned "Death of party before bar complete" and the statute provides: "If a person entitled to bring any of the personal actions herein mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the executor or administrator of the deceased person, after the expiration of said time, and within one year after the death of such person." The respondent relies implicity upon Foster v. Yazoo & M. V. Railroad, 72 Miss. 886, 18 So. 380 (1895); Pickens v. Illinois Cent. Railroad, 92 Miss. 210, 45 So. 868 (1908) and Mejia v. United States (5 C.C.A.) (1945), 152 F.2d 686. The Mejia case from the Fifth Circuit was applying the Louisiana wrongful death statute in that case which was substantially like the Mississippi statute when the Supreme Court of Mississippi decided the Foster and Pickens cases. But the wrongful death statute itself in each of these instances provided *that every such action shall be commenced within one year after the death of such deceased person.* Those statutes created new rights which did not exist at common law and effectually conditioned the remedy upon the action being brought in one year after death of the injured person. There is no such provision or requirement in either of the wrongful death statutes in Mississippi appearing as § 1453 and § 1565, supra. Significantly, the Foster and Pickens cases were not suits by personal representatives, § 728 was not involved or mentioned in either case and the wrongful death statute by its terms, at that time, made such decisions necessary. The one year statute of limitations mentioned in each one of those cases is that one which was built into the wrongful death statute and not § 728. Those decisions clearly have no controlling effect in this case at this time. There has not been a limitation period within the wrongful death statute itself since March 21, 1908, when the legisla-

ture removed it from that statute and since that time all such actions have been governed by the six year statute in Mississippi.

■■■ The motion of the respondent must fail unless § 728 Mississippi Code 1942 means what the respondent contends. The decedent had no right of action for his own death but he did have a right of action for his injury and pain and suffering for the two days prior to his death. An action for wrongful death is not derivative but an action for injury, etc., prior to death is derivative. The wrongful death statute (§ 1453) as last amended by Chapter 285 Mississippi Laws 1958 now embraces effectually two independent co-existing rights of action. Thus the administrator has brought an action as he may do under the wrongful death statute for all damages to the decedent and all damages of every kind to any and all parties in interest in the suit for the use and benefit of the parents and brothers and sisters of the decedent. But for the fact that this is a suit against the United States, it could have been brought for the injury on or before November 24, 1967 and for the death on or before November 26, 1967. Section 728 Mississippi Code 1942 has been repeatedly held not to apply in such cases unless the death of the injured decedent occurs within the last year in which a suit may have been brought for his injury. This suit was brought in the second year after the injury and death of the decedent and the statute does not, therefore, apply as the Mississippi Supreme Court held in construing this statute in Weir v. Monahan, 67 Miss. 434, 7 So. 291; Hambrick v. Jones, 64 Miss. 240, 8 So. 176; Hughston v. Nail, 73 Misc. 284, 18 So. 920. These cases hold that when a decedent dies in the last year in which a suit may be brought for his injury that this statute then applies, and then *adds* another year to the time within which the suit may be brought by his personal representatives. The legislature is presumed to have known of those rulings and to have acquiesced in it for more than three quarters of a century

without electing to change it, and thereby has clearly adopted those decisions as a proper construction of that statute.

The motion of the respondent for a summary judgment is, therefore, without merit and will be overruled and an order accordingly may be presented.