Earline ALLEN, as administratrix of the Estate of Jessie Delton Allen, deceased, and Earline Allen, individually, Libelant,

v.

The UNITED STATES of America, a sovereign nation, Respondent.

No. 28720.

United States District Court
N. D. California, S. D.
June 11, 1963.

Martin Jarvis, San Francisco, Cal., for libelant.

Keith Ferguson, Asst. U. S. Atty., Admiralty Div., San Francisco, Cal., for respondent.

SWEIGERT, District Judge.

Libelant, as administratrix of the estate of her deceased husband and as an individual, sues the United States in admiralty under The Public Vessels Liability Act, 46 U.S.C. § 781 et seq., and the Suits in Admiralty Act, 46 U.S.C. § 741 et seq., to recover damages for the death of her husband, an employee of Bethlehem Steel Company, allegedly caused within the navigable waters of California by the negligence of the respondent and the unseaworthiness of its public vessel.

Respondent has impleaded Bethlehem Steel Company, the employer of decedent, alleging that at the time of the accident Bethlehem had the exclusive control and custody of the vessel in question and that any injury to decedent was the result of the negligence of Bethlehem in breach of its contractual obligation to respondent to perform its work aboard the vessel in a workmanlike and careful manner.

The case is before the Court upon Libelant's Exceptions to Respondent's Amendment to its Answer wherein respondent pleads: 1) that the action is barred by the California statute of limitations, C.C.P. Sec. 340(3) and, 2) that libelant, having accepted an award of death benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. and having failed to commence this libel within six months after the award the libel is barred by Sec. 933(b) of that Act.

### THE CALIFORNIA STATUTE OF LIMITATIONS

■ No action for wrongful death will lie under the general maritime law but it has been well established that admiralty will recognize and enforce such a right of action when the act causing death occurs within the navigable waters of a state whose statutes give a right of action for wrongful death. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886); Western Fuel v. Garcia, 257 U.S. 233, 242, 42 S.Ct. 89, 66 L.Ed. 210 (1921); American Stevedores v. Porello, 330 U.S. 446, 458–460, 67 S.Ct. 847, 91 L.Ed. 1011 (1946).

The law of California gives a right of action for wrongful death, C.C.P. Sec. 377.

This suit is based upon that statute and also upon the Public Vessels Liability Act, 46 U.S.C. § 781 et seq., authorizing libels in personam against the United States for damages caused by a public vessel of the United States, and the Suits in Admiralty Act, 46 U.S.C. § 742, authorizing libels in personam against the United States in cases where, if such vessel were privately owned or operated, a proceeding in admiralty could be maintained.

California law provides that for wrongful death an action must be commenced within one year from the time the cause of action accrues, C.C.P. Secs. 335, 340 (3).

This action, commenced January 9, 1963, to recover for a death occurring July 26, 1961, would, therefore, be outlawed under California law.

Libelant relies upon a provision of the Public Vessels Act, 46 U.S.C. § 782, which provides that suits under the Act shall be subject to and proceed in accordance with the provisions of the Suits in Admiralty Act, 46 U.S.C. § 741 et seq., which provides, Sec. 745, that suits authorized by it may be brought within two years after the cause of action arises.

Although it has been held that the limitations period of the Suits in Admiralty Act is incorporated by reference into the Public Vessels Act, for certain purposes (Phalen v. United States, 32 F. 2d 687 (2d Cir. 1929)), it has also been held that the state statute of limitations applies when the admiralty court is proceeding under a state created cause of action for wrongful death.

This has been specifically held in Western v. Garcia, supra (a maritime wrongful death suit between private parties), and in California Casualty Indem. Exchange v. United States, 74 F.Supp. 401 (S.D.Cal.1947), (a similar suit against the United States, under the Public Vessels Liability Act).

Each of these wrongful death cases involved the identical California Statute of Limitations here in question. (See also: Mejia v. United States, 152 F.2d 686 (5th Cir. 1945); The Tungus v. Skovgaard, 358 U.S. 588, 592, 79 S.Ct. 503, 3 L.Ed.2d 524 (1958); Hess v. United States, 361 U.S. 314, 320, 80 S.Ct. 341, 4 L.Ed.2d 305 (1959); Continental Casualty v. The Benny Skou, 200 F.2d 246 (4th Cir. 1952); McMahon v. Pan-American, 297 F.2d 268 (5th Cir. 1962)).

■ The rationale of these cases is that in actions for wrongful death brought in admiralty in which the Court must look to and follow a state created right of action for such death, the Court must adopt and enforce such right as an integrated whole with whatever conditions and limitations the creating state has attached.

Libelant relies on State of Maryland to Use of Burkhardt v. United States, 165 F.2d 869 (4th Cir. 1947), a nonmaritime action for wrongful death brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which authorizes actions for damages against the United States in tort cases where the United States, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred.

It was held that for reasons of statutory interpretation the limitations period of the Tort Claims Act, itself, rather than the state limitations period, is ap-

plicable to such suits. (See also, Sweet v. United States, 71 F.Supp. 863 (S.D. Cal.1947)).

In State of Maryland, supra, 165 F.2d at 874 however, the Court, citing Mejia v. United States, supra, noted that a different rule is applicable to maritime wrongful death actions for the reason that admiralty may not adopt a state law without adopting its limitations and conditions.

Libelant further argues that the cases which have established this admiralty rule (The Harrisburg, supra, Western v. Garcia, supra, Mejia v. United States, supra) contain language indicating that their holdings were based upon the ground that the state statutes of limitation there involved were deemed to be limitations upon the right of action, itself, as distinguished from bar to the remedy.

Libelant points out that the California Court in Wohlgemuth v. Meyer, 139 Cal. App.2d 326, 293 P.2d 816 (1956) has held that its wrongful death one year limitation statute, C.C.P. Sec. 340(3), being a bar to the remedy, rather than a limitation upon the right of action itself, and being therefore, procedural, can be tolled for reasons that would toll other statutes of limitation.

■ However, the mere description of a state statute of limitations as procedural for some purpose is not necessarily a determination of the question whether a federal or a state rule of limitation should apply when the federal court's adjudication is dependent on the existence of a state created right. The real test is not whether a state statute of limitations is deemed a matter of procedure in some sense, but whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the state, is enforced or whether such statutory limitation is a matter of substance in the aspect relevant to a particular problem, namely, does it significantly affect the result of litigation for a federal court to disregard a law of a state that would be controlling in an action upon the same claim by the same parties as a state court. (Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

■ Although the pending suit is not a diversity case, as was Guaranty, it is a suit in which the federal court sitting in admiralty, is dependent for its adjudication upon a state created right of action for wrongful death. The foregoing test is, therefore, applicable and, when applied it leads to only one conclusion, namely, that the California limitations statute, which is certainly a bar to the remedy (absent circumstances tolling it) does significantly affect the result of litigation and is not of a mere remedial character. Therefore, admiralty, which under the decisions "must enforce the right as an integrated whole, with whatever conditions and limitations the creating State has attached", (Tungus v. Skovgaard, supra) must apply the state statute of limitations applicable to the state created wrongful death right of action.

For the foregoing reasons and in view of the long established weight of authority upon the question, the Court concludes that libelant's exceptions to the first defense pleaded by respondents' amended answer should be overruled.

## THE LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT

We now take up the exceptions to the second defense above mentioned that, libelant, having been awarded and having accepted a death benefit from decedent's employer, Bethlehem Steel Company, under the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C. § 901 et seq., and having failed to commence this action against respondent as a third party liable in damages—within six months after such award, is barred under Sec. 933(b) of said Act from bringing this action.

Section 933, as amended in 1959, after providing that a person entitled to compensation need not elect whether to receive such compensation or to recover

damages against a third person, further provides that acceptance of such compensation shall operate as an assignment of the right of action to the employer unless such person commences an action against the third person within six months after such award.

In the pending case respondents allege that on March 21, 1962, libelant was awarded and accepted a death benefit under the Longshoremen's and Harbor Workers' Act but failed to commence this action within six months thereafter.

Libelant takes the position that in this case there is a conflict of interest between libelant and decedent's employer, Bethlehem, and that for this reason libelant has a right to commence this action notwithstanding the statutory assignment to the employer under Sec. 933(b), citing Czaplicki v. Hoegh Silver Cloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1955) and Johnson v. Sword Line, 257 F.2d 541 (3rd Cir. 1958).

In Czaplicki, supra, a longshoreman filed a libel action against a shipowner and others for injuries which occurred when steps constructed by Hamilton gave way. Traveler's Insurance Company was the compensation carrier for both the employer and Hamilton, a potential third-party tortfeasor. The Supreme Court held that a conflict of interest between libelant and Traveler's Insurance as subrogee to libelant's employer's assignment of the cause of action existed for the reason that an action by Travelers against defendant shipowner would be in effect an action against itself and that Czaplicki was the only person with sufficient adverse interest to bring the suit. The Court also pointed out that Travelers might be held liable upon an indemnity claim by the shipowner under the doctrine of Ryan Stevedoring Co. v. Pan Atlantic, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1955).

In these circumstances, the Court held, Czaplicki was not precluded by the statutory assignment of his right of action from enforcing those rights in an action brought by himself.

In Johnson, supra, where neither the employer nor its subrogated compensation carrier, holding the statutory assignment of claimant's cause of action, had brought suit or reassigned the right of action, the Court held that the burden of establishing a valid basis for an action was upon him—not upon the claimant and, further, that where the employer was subject to suit by the alleged third party tortfeasor under the indemnification doctrine, a conflict of interest was apparent.

In Smith v. A. H. Bull SS Co., 208 F. Supp. 172 (D.C.Md.1962) the Court held that in a suit against the third party tortfeasor the burden was on it to show that no conflict of interest was a factor in the decision of the employer's compensation insurer not to bring a third party suit.

That such a conflict of interest may exist in the pending case appears from the fact that respondent herein has impleaded Bethlehem, alleging that the death of libelant's decedent arose out of acts of Bethlehem in breach of its contractual obligations to respondent and that, therefore, Bethlehem is liable to respondent for any damages resulting from such breach, including any damages which libelant may recover against respondent.

Thus, it appears from the record that, as far as respondent is concerned, any decision of Bethlehem not to sue respondent presumably arises out of the alleged negligence of Bethlehem itself, in the breach of its own warranty to respondent.

As far as respondent is concerned, it must, therefore, be held that a conflict of interest exists between Bethlehem and libelant. Therefore, libelant's exception to respondents' second defense must be sustained.

This order, however, should be without prejudice to any rights which Bethlehem, upon its appearance as an impleaded party herein, may see fit to assert against any other party.

Defendant will prepare, serve and present a formal order in accordance with this memorandum.