Mary HUNTER, Administratrix of the Estate of Mark Hunter, Deceased, Plaintiff,

and

Great American Insurance Company, Intervening Plaintiff,

v.

DAMPSK A/S FLINT, Defendant and Third-Party Plaintiff,

v.

DETROIT MARINE TERMINALS, INC., Third-Party Defendant.

No. 27677.

United States District Court
E. D. Michigan,
Southern Division.

Sept. 1, 1967.

Albert Lopatin, Lopatin, Ward, Miller & Bindes, Detroit, Mich., for plaintiff.

John L. Foster, Foster, Meadows & Ballard, Detroit, Mich., for defendant and third-party plaintiff.

Reginald S. Johnson, Johnson, Campbell & Moesta, Arthur Allan Smith, Fildew, Degree, Gilbride & Smith, Detroit, Mich., for third-party defendant.

KAESS, District Judge.

Plaintiff's complaint alleges the following facts. On September 21, 1965 Mark Hunter, plaintiff's decedent, was employed by the Detroit Marine Terminals, Inc. and was engaged in unloading the Norwegian ship "Mica". While in the process of removing steel from the hold of the vessel, a winch cable and a shocker snapped, causing him to be pinned under some steel, which eventually led to his death. The petitioner left surviving him, at his death, his wife and three children—ages ten, eight and four.

The plaintiff Mary Hunter, administratrix of the estate of Mark Hunter, claims damages by reason of negligence and unseaworthiness of the vessel. The defendant moves to strike all allegations with reference to unseaworthiness, alleging this is not a claim upon which relief may be granted.

We begin with the established principle that there is no liability for wrongful death under maritime law. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886); Igneri v. Cie. de Transports Oceaniques, 2 Cir., 323 F. 2d 257 (1963). Although legislation has been enacted by the Jones Act and Death on the High Seas Act, those statutes are not applicable to the present situation as Mark Hunter, the decedent here, was a longshoreman and not a seaman, and death occurred upon the territorial waters of Michigan. Since there is no applicable federal statute, the issue is whether this court, sitting in admiralty, may apply the Michigan Wrongful Death Act Statute in this kind of an action. Under the rulings in Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S. Ct. 89, 66 L.Ed. 210 (1921) and The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959) this court is compelled to answer in the affirmative.

Michigan has a Wrongful Death statute which provides:

"Sec. 2922. (1) Whenever the death of a person or injuries resulting in death, shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section."

C.L.1948, § 600.2922, as amended by P.A.1965, No. 146.

No Michigan cases have been called to the court's attention and none have been found as to whether the Michigan statute encompasses an action for death caused by the unseaworthiness of the vessel; thus leaving it up to this court to construe the statute.[1]

There exists a view that where wrongful death provisions are remedial, authorities will interpret the provisions liberally, in the light of the current social conditions and give them a practical construction, so as to promote justice.

The Michigan court has held that wrongful death act is remedial in character and should be construed liberally. Wycko v. Gnodtke, 361 Mich. 331, 105 N.W.2d 118 (1960).

The Michigan statute is similar to the New Jersey statute involved in The Tungus v. Skovgaard, supra. The New Jersey courts have also held the Wrongful Death Act of that state to be remedial and entitled to a liberal construction. Cibulla v. Pennsylvania-Reading Seashore Lines, 25 N.J.Misc. 98, 50 A.2d

---

1. The New York Wrongful Death Act authorizes maintenance of action based on unseaworthiness; the condition of unseaworthiness is embraced by term "wrongful act, neglect, or default" as used in the statute. Cunningham v. Rederiet Vindeggen, 2 Cir., 333 F.2d 308.

461 (1946). It was held that the New Jersey statute incorporated liability for unseaworthiness as developed by the federal law, and this holding in The Tungus v. Skovgaard case, supra, was approved in United New York and New Jersey Sandy Hooks Pilots Association et al. v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959).

In State etc. v. Weyerhaeuser Steamship Company, 176 F.Supp. 664 (1959), a Maryland statute was strictly construed by the federal court. Aside from a provision with respect to vessels, the Maryland statute is also similar to Michigan's statute.

The federal court, in construing the Maryland statute, held the theory of unseaworthiness to be incorporated within the meaning of the statute giving a right of action where death is caused by a wrongful act, neglect or default.

Accordingly, this court holds that the Michigan Wrongful Death Act provides for a right of recovery based upon the theory of unseaworthiness and adopts the reasoning of the court in The Tungus v. Skovgaard, supra.

Therefore, it is hereby ordered that the motion to strike all allegations with reference to unseaworthiness is denied.