Paul R. ANAPOL, Administrator of the Estate of Anthony J. Markiewicz a/k/a Anthony Marko, Deceased

v.

READING COMPANY

v.

MORRIS BONEY, INC. and Partenreederei–M/S Waldeck.

Civ. A. No. 42110.

United States District Court
E. D. Pennsylvania.

Dec. 13, 1968.

Robert M. Ross, Philadelphia, Pa., for plaintiff.

George D. Sheehan, Philadelphia, Pa., for third-party defendant.

MEMORANDUM AND ORDER.

JOHN W. LORD, Jr., District Judge.

This is a Motion to Dismiss plaintiff's Complaint against third-party defendant PARTENREEDEREI–M/S WALDECK (hereinafter called the "shipowner"). Plaintiff filed his original Complaint

alleging that on or about December 6, 1966 plaintiff's decedent was fatally injured through the negligence of the Reading Company. Defendant Reading brought the shipowner into the case as a third-party defendant. On October 15, 1968, some twenty-two (22) months after the accident, plaintiff brought suit directly against the shipowner. He alleged three causes of action:

  (a) negligence under the Pennsylvania Wrongful Death Act;

  (b) survival action under state law; and

  (c) negligence and unseaworthiness under federal maritime law.

The defendant shipowner claims that the suit is barred by the one-year statute of limitations of the Pennsylvania Wrongful Death Act.

■ While it is clear that indeed the first cause of action for negligence under the Pennsylvania Wrongful Death Act is barred by the act's one-year statute of limitation, it is questionable whether such toll vitiates the remaining two claims.

■ The Pennsylvania Survival Act carries with it a two-year statute of limitations. As such, plaintiff's present cause of action under this act will be sustained.

■■ As for the claim under federal maritime law, it is well established, however unfortunate, that federal maritime law does not recognize a remedy for wrongful death. Although much maligned, the *Harrisburg* rule that in the absence of a statute there is no action for wrongful death is still binding. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886). See Mr. Justice Harlan's dissent in Hess v. United States, 361 U.S. 314 at 322, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960). Any recovery depends upon the existence of a state wrongful death statute. This doctrine is that where death results from a maritime tort committed on navigable waters within a State whose statutes give a right of action on account of death by

wrongful act, the federal district courts will enforce this right. Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921). Such a law exists in Pennsylvania. 12 P.S. § 1602.

■ However, the federal court "must enforce the right as an integrated whole, with whatever conditions and limitations the creating State has attached." The Tungus v. Skovgaard, 358 U.S. 588, 592, 79 S.Ct. 503, 506, 3 L.Ed.2d 524 (1958). It is the Opinion of this Court that at the very least this means that when such a state wrongful death act carries with it a special statute of limitations (such as in this case) that provision of the statute must be applied by the federal courts sitting in that state.

■ It is recognized by the Court that if the accident to the present plaintiff's decedent had resulted in injury short of death, the federal maritime concept of laches would be the exclusive law governing the timeliness of the suit here. However, as stated above, since absent the Pennsylvania Wrongful Death Act plaintiff would have no right of action under maritime law at all, he cannot be heard to complain of the Court's following the state statute of limitations under the *Tungus* mandate.

■ Third-party defendant shipowner's Motion to Dismiss will be granted as to the first and third causes of action in plaintiff's Complaint of October 15, 1968. (i. e. negligence under the wrongful death act and negligence and unseaworthiness under federal maritime law). The survival action will be permitted to remain before the Court.

AND NOW, to wit, this 13th day of December, A. D. 1968, it is ORDERED that Third-party defendant PARTENREEDEREI–M/S WALDECK's Motion to Dismiss plaintiff's Complaint be and the same is hereby GRANTED as to plaintiff's causes of action for negligence under the Pennsylvania Wrongful Death Act and negligence and unseaworthiness under federal maritime law.

It is further ordered that Third-party defendant's Motion to Dismiss plaintiff's Complaint be and the same is hereby denied as to the cause of action under the Pennsylvania Survival Act.