George Poster, J.
This is a motion by plaintiff, pursuant to CPLR 3211, to dismiss the second affirmative defense contained in the answer.
This is a wrongful death action arising out of an airplane crash into the navigable waters of the State of Illinois. The defense under attack herein seeks to limit the amount of recovery to $30,000 as prescribed by the Statutes of Illinois, (ch. 70, § 2) on the theory that maritime law should prevail since the accident occurred in the navigable waters of the State of Illinois, and that State’s law should, therefore, be applied. Defendant does not otherwise seriously dispute the general choice-of-law rule enunciated in Babcock v. Jackson (12 N Y 2d 473) and Dym v. Gordon (16 N Y 2d 120), nor that the facts herein, absent the alleged “maritime law theory ”, justify applying New York law rather than Illinois law. The only question to be determined herein, therefore, is whether the fact that the airplane crash took place in the navigable waters *541 of Illinois distinguishes the rule of Babcock and Dym (supra) and requires Illinois law to be followed under the maritime law, as urged by defendant. (Sgott v. Eastern Airlines,-F. 2d— [C. A. 3d, 1967].) The claim that maritime law applies is without merit.
The New York Court of Appeals decisions in Riley v. Agwilines, Inc. (296 N. Y. 402) and Kuhn v. City of New York (274 N. Y. 118), heavily relied upon by defendant, held that where the injury or death occurred in the territorial waters of New York the Federal maritime law was to be applied. Those two cases, however, were decided prior to the more recent United States Supreme Court’s decision in The Tungus v. Skovgaard (358 U. S. 588). The Tungus ease held that where the death occurs in circumstances similar to those in the instant case, it is State law that is to be applied and not maritime law. It would appear, therefore, that both the Riley and Kuhn cases (supra) are inapplicable to the case at bar and, in effect, overruled by Tungus (supra). It follows, therefore, that New York’s choice-of-law rule, as enunciated in Babcock (supra), should not now give way to the artificialities of the strained holding of the Scott case (supra). Moreover, the same rule should be applied to nonresidents properly before this court as would be applied to residents.
Accordingly, the motion is granted.