**Wyvetta HARRIS, as Executor of the Estate of Kalman Musin, Deceased, Plaintiff,**

v.

**UNITED AIR LINES, INC., a Corporation, Defendant.**

Civ. No. 7–1859–C (2).

United States District Court
S. D. Iowa,
Central Division.

Aug. 11, 1967.

Melio Tonini, Des Moines, Iowa, for plaintiff.

Paul Ahlers, E. B. Carpenter and James E. Cooney, Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This ruling is predicated upon plaintiff's motion to strike a portion of defendant's answer. The objectionable portion of defendant's answer denies the materiality of the Iowa death statutes to the present action.

This is a wrongful death action arising out of an airplane crash into the navigable waters of Lake Michigan. It appears that the crash occurred within the territorial waters of the State of Illinois. Defendant seeks to limit the amount of recovery to $30,000 as prescribed by the statutes of Illinois on the theory that maritime law should control. Plaintiff asserts that maritime law is inapplicable to an airplane crash fortuitously occurring in navigable waters. Plaintiff further contends that the amount of recovery should be determined according to the Iowa statutes because this state has the greatest interest in the subject matter of the litigation.

█ █ The weight of authority is that locality alone determines whether or not a tort claim is within admiralty jurisdiction. See Weinstein v. Eastern Airlines, Inc., 316 F.2d 758 (3d Cir. 1963). While several of the alleged acts of negligence in this case would necessarily have been committed on land, the effects of the alleged negligence occurred on navigable waters. No more is required to invoke the admiralty jurisdiction of this Court and call for the application of maritime principles. See London Guarantee & Accident Co. v. Industrial Accident Commission, 279 U.S. 109, 49 S.Ct. 296, 73 L.Ed. 632 (1929); Scott v. Eastern Airlines, Inc., 10 Avi. (CCH) 17, 179 (3d Cir. 1967 (Official report pending); United States v. Matson Navigation Co., 201 F.2d 610 (9th Cir. 1953).

█ While jurisdiction in this case was originally grounded on diversity, the facts show that federal question jurisdiction is involved. State choice of law rules need not be applied by a federal court in admiralty suits. See Scott v. Eastern Airlines, supra.

█ █ It remains to determine if federal law will permit resort to the wrongful death statutes of Iowa. Under maritime law, a cause of action for negligence resulting in death survives to dependents of the deceased. There is no federal statute providing such remedy when death occurs within the territorial water of a state, but the federal courts have consistently employed a rule of borrowing under which recovery is permitted according to the terms of the statutes of the state within whose territorial waters the death has occurred.

█ The precise issue involved here was raised in Scott v. Eastern Airlines, Inc., supra. In that case the plaintiff sought application of the Pennsylvania wrongful death statute after death had resulted from a plane crash into the territorial waters of Massachusetts. The Court of Appeals held that the Massachusetts limit of recovery was applicable, stating that:

"Of course some other expedient might have been adopted. Borrowing could have been made from the law of the decedent's domicile as the law of the state whose contacts with the parties, their dealings, and the mishap were deemed most significant. But, over the years, the Supreme Court and the inferior courts under its guidance have adhered to the simple rule of borrowing in their entirety the wrongful death and survival rules of the state within whose boundaries the maritime tort occurred."

This Court agrees with the statement of the Court in the *Scott* case that if the borrowing rule is to be modified, the change should be made by the Supreme Court.

Plaintiff calls attention to rulings by the Supreme Court of New York in two cases arising out of the same accident here in question and involving the precise issue presently under consideration. See Thomas v. United Air Lines, Inc., 54 Misc.2d 540, 281 N.Y.S.2d 495, and Zabor v. United Air Lines, Inc., N.Y.Law Journal, June 22, 1967, p. 15, col. 2. Relying on The Tungus v. Skovgaard, 358

U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1958), the New York Court held that the local conflict of laws rule could be followed in order to avoid the $30,000 limit prescribed by the Illinois statute. This Court cannot adopt such a broad interpretation of the opinion in *Tungus*. In that case the Supreme Court held that state law and not maritime law controlled the construction of the New Jersey wrongful death statute. The New York Court has apparently taken this to mean that state law can completely displace maritime law whenever death occurs in the territorial waters of a state. This analysis overlooks the critical fact that, in the *Tungus* case, the death occurred in New Jersey territorial waters. The Court in *Tungus* did not dispute the traditional borrowing rule, but dealt only with the question of interpreting the New Jersey statute. Under this view *Tungus* may be cited to support the proposition that the statutes of the state in whose territorial waters the death occurs must be adopted in their entirety.

 It is clear that the substantive law of the state whose wrongful death statute is borrowed can restrict the right to recover. See United New York and New Jersey Sandy Hook Pilots Assn. v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959); Levinson v. Deupree, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (1953); Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (1921); The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886). It is the borrowed statute which creates the right to recover. It follows that recovery must be according to the terms of the borrowed statute. While the cases so holding have dealt with substantive aspects of the borrowed statute, the rule may not be varied by characterizing monetary limitations as procedural. In The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959), the Court said:

"The decisions of this Court long ago established that when admiralty adopts a State's right of action for wrongful death, it must enforce the right as an integrated whole, with whatever conditions and limitations the creating State has attached. That is what was decided in *The Harrisburg* where the Court's language was unmistakable:

'* * * [I]f the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence. * * * The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right.'"

In two cases arising subsequent to the decision in *Tungus* the Supreme Court has again indicated that borrowed statutes must be adopted *cum onere*. See Hess v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960); Goett v. Union Carbide Corp., 361 U.S. 340, 80 S.Ct. 357, 4 L.Ed.2d 341 (1960). In Union Carbide Corp. v. Goett, 256 F.2d 449 (1958) rev'd on other grounds, 361 U.S. 340, 80 S.Ct. 357, 4 L.Ed.2d 341 (1960), the Court of Appeals said:

"It has been generally held that any limitations in the state statute as to * * * the amount and character of damages which may be allowed, are binding on the admiralty court. [Citations.]"

In accordance with the policy of the cases cited above, and especially under the compelling authority of Scott v. Eastern Airlines, supra, this Court is bound to reject the reasoning of the New York Supreme Court and hold that the Iowa wrongful death statutes are inapplicable.

Accordingly, it is hereby ordered that plaintiff's motion to strike is denied.